DENK ET, PLAINTIFFS-APPELLANTS, *v.* CLEVELAND FIREMEN'S MUTUAL BENEFIT ASSN., DEFENDANT-APPELLEE.
ANDREW, ETC., ET, PLAINTIFFS-APPELLANTS, *v.* CLEVELAND FIREMEN'S MUTUAL BENEFIT ASSN., DEFENDANT-APPELLEE.
EDWARDS ET, PLAINTIFFS-APPELLANTS, *v.* CLEVELAND FIREMEN'S MUTUAL BENEFIT ASSN., DEFENDANT-APPELLEE.
FOURNIER, PLAINTIFF-APPELLANT, *v.* CLEVELAND FIREMEN'S MUTUAL BENEFIT ASSN., DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 26326, 26327, 26328 and 26329.   Decided May 2, 1963.

*Mr. A. F. Gallagher* and *Mr. Robert E. Sweeney*, for plaintiffs-appellants.
*Messrs. Thompson, Hine & Flory*, for defendant-appellee.

*Per curiam.* A careful reading of the bill of exceptions conclusively discloses that 1) defendant, Cleveland Firemen's Mutual Benefit Association, is a Fraternal Benefit Society incorporated not for profit under the laws of the State of Ohio and not amenable to the insurance laws of Ohio; 2) the Death Benefit Certificate of the decedents, issued in accordance with the Constitution of the Association, provides "that any changes, additions or amendments to * * * Articles of Incorporation, Constitution or laws duly made or enacted subsequent to the issuance of this Certificate shall bind said member and his beneficiaries, and shall govern and control the agreement in all respects in the same manner as though such changes, additions or amendments had been made prior to and were in force at the time of his application for membership;" 3) the Constitution was duly amended September 30, 1960 by written ballots properly submitted to the membership in complete conformance with all legal requirements by reason of which the Constitution now provides a $2,000.00 benefit upon death of a present member "who shall have attained the age of sixty-six (66) years prior to the effective date hereof." (October 1, 1960); 4) All decedents had attained the age of 66 years prior to October 1, 1960; 5) the decedents died subsequent to the adoption of the above mentioned amendments to the Constitution. Under these facts and the law applicable thereto, we conclude and hold that said amendment to the Constitution was binding on decedents' beneficiaries, plaintiffs herein.

Paragraph one of the syllabus in *Railway Mail Assn.* v. *Weir*, 24 Ohio App., 5, 156 N. E., 921, reads:

"Where application for membership in fraternal benefit association provided that it shall be subject to constitution and by-laws now existing or hereafter enacted, association had right to amend its by-laws after insured became a member so as to subject insured and beneficiary to amended by-laws."

See: *Tisch* v. *The Protected Home Circle*, 72 Ohio St., 233, 74 N. E., 188. *McGovern* v. *Brotherhood*, 12 C. C. (N. S.), 137, affirmed without opinion in 85 Ohio St., 460.

We also determine that no error prejudicial to the substantial rights of appellants intervened in the trial of this cause in the Court of Common Pleas.

Accordingly, judgment affirmed.

Exceptions noted.

KOVACHY, P. J., SILBERT and ARTL, JJ., concur.