JOURNAL ENTRY AND OPINION
Ross Bell appeals from a judgment of the common pleas court dismissing his petition for postconviction relief. Bell claims that the trial court's findings of fact and conclusions of law were inadequate, and further challenges the court's failure to conduct a hearing on this matter. After careful review of the record and applicable law, we have concluded that the trial court properly exercised its discretion when it dismissed Bell's petition.
The record before us reveals that, on October 15, 1998, in case number CR-368351, the grand jury indicted Bell for the aggravated robbery and felonious assault of Denise Cerny, which took place on September 10, 1998 — both charges carried firearm specifications. On April 15, 1999, in case number CR-375061, the grand jury re-indicted Bell for the same crimes without the firearm specifications, and in addition, indicted Bell for the felonious assault of a second victim, Charles Kleiner, which also took place on September 10, 1998.
Pursuant to a subsequent plea agreement, Bell entered guilty pleas to the charges in CR-375061, and the court entered a nolle prosequi as to the charges in CR-368351. On April 29, 1999, the court sentenced Bell to concurrent prison terms of six years on each count.
On October 21, 1999, Bell filed a pro se petition for postconviction relief with a supporting affidavit, claiming ineffective assistance of counsel. On November 24, 1999, the state filed a motion to dismiss Bell's petition, asserting in part that his claims were barred by res judicata because he could have raised them on direct appeal.
On November 15, 1999, the court denied Bell's petition for postconviction relief. On October 17, 2000, the court issued its findings of fact and conclusions of law in this regard. Bell now appeals, raising two assignments of error for our review. The first one states:
 I. THE TRIAL COURT ERRED IN ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW, AS THEY SHOULD BE CLEAR, SPECIFIC, AND COMPLETE AND THE FINDINGS OF FACT AND CONCLUSIONS OF LAW ISSUED HEREIN ARE INSUFFICIENT AS A MATTER OF LAW.
Bell argues that the trial court failed to reach any of the issues raised in his petition for postconviction relief, that the court misapplied the doctrine of res judicata, and that the record indicates that his counsel failed to conduct any investigation, which forms the basis for Bell's allegations of ineffective assistance of counsel. The main issue presented for our review concerns whether the trial court's findings of fact and conclusions of law satisfied the requirements of R.C. 2953.21.
R.C. 2953.21(A)(1) permits a defendant to file a petition stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence. Additionally, R.C. 2953.21(C) provides that if a court dismisses a petition for postconviction relief, it must make findings of fact and conclusions of law.
In State v. Lester (1975), 41 Ohio St.2d 51, 56, the court determined that findings of fact and conclusions of law are mandatory under R.C.2953.21 if the trial court dismisses the petition in order to inform a petitioner of the grounds for the judgment and to enable the appellate courts to properly determine appeals in such a cause. Further, the court in State v. Calhoun (1999), 86 Ohio St.3d 279, 291-292, stated:
 A trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law. The findings need only be sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion. [Citation omitted.]
In the instant case, the trial court issued a seven-page findings of fact and conclusions of law wherein it meticulously reviewed the evidence and applicable law as it related the issues raised by Bell in his petition. In particular, the court found that "Petitioner's claim's [sic] could have been put forth in a direct appeal, but were not, and are therefore now barred from consideration by the doctrine of res judicata."
The court properly dismissed this case based on the principles of res judicata. As this court stated in State v. Bekovich (Apr. 20, 2000), Cuyahoga App. No. 76053, unreported:
 Principles of res judicata apply to bar from consideration on postconviction relief any claim that was or could have been raised on direct appeal. See State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The exception to res judicata is when a petitioner presents evidence outside the record that was not in existence and not available to the petitioner in time to support a direct appeal. State v. Cole(1982), 2 Ohio St.3d 112, 114, 443 N.E.2d 169.
In this case, Bell failed to present evidence outside the record that was not in existence and not available to him in time to support a direct appeal. Even if we assume that the allegations in Bell's affidavit are true, it only raises claims that Bell had been aware of since his plea hearing. These claims include: that his counsel never discussed with him the elements of his offenses and consequences of his guilty pleas; that his counsel insisted that he plead guilty; that his counsel never investigated his case or discussed with him any findings; and that his counsel made false statements to a court-appointed independent psychologist.
Upon review, we have concluded that the trial court's findings of fact and conclusions of law in this case satisfy the requirements of R.C.2953.21. Further, the court properly determined that the allegations of ineffective assistance of counsel in Bell's affidavit were based on facts in existence and known to him in time to support a direct appeal, and therefore, the court properly found that the principles of res judicata bar his petition for postconviction relief. Accordingly, we reject this assignment of error.
 II. THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING, PURSUANT TO R.C. § 2953.21(E), BECAUSE APPELLANT'S PETITION AND THE FILES AND RECORDS OF THE CASE SHOW THAT HE IS ENTITLED TO RELIEF.
Next, Bell challenges the trial court's failure to conduct an evidentiary hearing before dismissing his petition for postconviction relief, claiming that his affidavit alleged sufficient grounds for relief to merit a hearing. In this regard, R.C. 2953.21(C) states:
 * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. (Emphasis added.)
In State v. Calhoun (1999), 86 Ohio St.3d 279,282-283, the court stated:
 According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v. Cole (1982), 2 Ohio St.3d 112, 2 Ohio B.Rep. 661, 443 N.E.2d 169. Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief (R.C. 2953.21[C]), i.e., whether there are grounds to believe that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." (Emphasis added.) R.C. 2953.21(A)(1).
 Postconviction relief is a remedy sought by a defendant who has either been tried and found guilty beyond a reasonable doubt, or who has pled guilty and has been convicted. In the interest of judicial economy and efficiency, we have held that it is not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled. See State v. Jackson (1980), 64 Ohio St.2d 107, 112, 18 Ohio Op. 3d 348, 351, 413 N.E.2d 819, 823. Therefore, before a hearing is granted, "the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." (Emphasis added.) Id. at syllabus.
(Emphasis added.)
Bell urges that R.C. 2953.21 does not grant a trial court the authority to judge the credibility of sworn affidavits. However, at page 284 of Calhoun, the court stated:
 We * * * hold that in reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. To hold otherwise would require a hearing for every postconviction relief petition. Because the statute clearly calls for discretion in determining whether to grant a hearing, accepting all supporting affidavits as true is certainly not what the statute intended. "If we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, division (D) of R.C. 2953.21 would be effectively negated and useless." Jackson, 64 Ohio St.2d at 112, 18 Ohio Op.3d at 351, 413 N.E.2d at 823.
 Unlike the summary judgment procedure in civil cases, in postconviction relief proceedings, the trial court has presumably been presented with evidence sufficient to support the original entry of conviction, or with a recitation of facts attendant to an entry of a guilty or no-contest plea. The trial court may, under appropriate circumstances in postconviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant. That conclusion is supported by common sense, the interests of eliminating delay and unnecessary expense, and furthering the expeditious administration of justice. * * *
(Emphasis added.)
Furthermore, and determinative of this appeal, at page 284 of the Calhoun opinion, the court stated:
 * * * Not all affidavits accompanying a postconviction relief petition demonstrate entitlement to an evidentiary hearing, even assuming the truthfulness of their contents. Thus, where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 30 Ohio Op. 2d 189, 226 N.E.2d 104.
(Emphasis added.)
Then on pages 284 to 285, the court set forth the following standard for judging the credibility of affidavits in postconviction relief proceedings:
 In determining the credibility of supporting affidavits in postconviction relief proceedings, we adopt the reasoning of the First Appellate District in State v. [*285] Moore (1994), 99 Ohio App.3d 748, 651 N.E.2d 1319. The court, in Moore, cited Sumner, and suggested that a trial court, in assessing the credibility of affidavit testimony in so-called paper hearings, should consider all relevant factors. Id. at 754, 651 N.E.2d at 1323. Among those factors are (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. Id. at 754-756, 651 N.E.2d at 1323-1324.
 Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. A trial court that discounts credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur.
With this standard in mind, we have concluded that the trial court properly exercised its discretion in finding Bell's self-serving affidavit to be incredible. Further, as we have already found Bell's allegations of ineffective assistance of counsel to be barred by res judicata, these allegations, even if true, are inconsequential. Therefore, the trial court did not err in dismissing the petition for postconviction relief without first conducting an evidentiary hearing. Accordingly, we overrule this assignment of error and therefore affirm the judgment of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., CONCUR.