The STATE of Ohio, Appellant,

v.

HARTIKAINEN, Appellee.

[Cite as *State v. Hartikainen* (2000), 137 Ohio App.3d 421.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–00–004.

Decided April 12, 2000.

*Kevin J. Baxter,* Lucas County Prosecuting Attorney, and *Barry Murner,* Assistant Prosecuting Attorney, for appellant.

*Robert M. Reno,* for appellee.

*Per Curiam.*

This case is before the court on a motion filed by the state of Ohio for leave to file a delayed appeal. The defendant in this criminal case, Richard Hartikainen, filed a motion to suppress evidence in the trial court. The court held a hearing and announced its decision granting the motion to suppress. Subsequently, the decision was reduced to writing, signed by the judge, filed by the clerk on January 5, 2000, and entered on the court's journal on January 6, 2000. The clerk of courts did not notify the state that the court's decision had been signed, filed, and journalized until January 19, 2000, when the assistant prosecutor inquired of the judge when the judgment entry would be forthcoming.

On January 26, 2000, the state filed a notice of appeal from the judgment and a motion for delayed appeal. Appellee, Richard Hartikainen, has filed a memorandum in opposition to the motion for delayed appeal.

■ The state has an appeal as of right from an order granting a motion to suppress. See R.C. 2945.67. To exercise this right, the state's notice of appeal must be filed within seven days of the date the order is entered on the court's journal. See App.R. 4(B)(4) and Crim.R. 12(J).

■ The state in this case did not get notice of the order that the motion to suppress had been granted until after the seven-day time limit in which to appeal had passed. The state filed the present motion for leave to file a delayed appeal to address this problem. Motions for delayed appeal, which are governed by App.R. 5(A), are available only in criminal cases and only to defendants. App.R. 5(A) states:

"APPEALS BY LEAVE OF COURT IN CRIMINAL CASES

"(A) Motion *by defendant* for delayed appeal. After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right." (Emphasis added.)

■ The state has no corresponding right to file a delayed appeal[1]. Thus, we must deny the state's motion for leave to file a delayed appeal.

---

1. The state *does* have a right to file a motion for leave to appeal pursuant to App.R. 5(B), but this rule cannot be used to extend the time the state has to file an appeal as of right. App.R. 5(B) states:

"(B) Motion by prosecution for leave to appeal. When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant."

A motion for leave to appeal under App.R. 5(B) must be filed within the same time limits as a notice of appeal. The rule provides the procedure for the state to follow in cases where it does not have an appeal as of right pursuant to R.C. 2945.67, which states:

"Appeal by state.

"(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion

■ Our treatment of the state's motion does not end here, since in its memorandum in support of its motion, the state raises the following due process issue: Is it a denial of due process to require the state to file a notice of appeal prior to the time the clerk of courts notifies the state that the order has been signed by the judge, filed, and journalized? The state asserts that it cannot be required to file an appeal from a judgment of which it is not aware. This appears to be an issue of first impression in Ohio.

In *Avon Lake City School Dist. v. Limbach* (1988), 35 Ohio St.3d 118, 518 N.E.2d 1190, which is often cited for the proposition that neither the state nor any of its political subdivisions has standing to assert due process or equal protection claims against itself, the court stated:

"[A] political subdivision may not invoke the protection provided by the Constitution against its own state and is prevented from attacking the constitutionality of state legislation on the grounds that its own rights had been impaired. While there may be occasions where a political subdivision may challenge the constitutionality of state legislation, it is not entitled to rely upon the protections of the Fourteenth Amendment. A political subdivision, such as a school district, receives no protection from the Equal Protection or Due Process Clauses vis-a-vis its creating state. * * *

"We are persuaded that a school district is a political subdivision created by the General Assembly and it may not assert any constitutional protections regarding due course of law or due process of law against the state, its creator. Not having this protection, it may not now assert these protections against the state by asking this court to declare the statute unconstitutional for these reasons." (Footnotes omitted.) *Id.* at 121–122, 518 N.E.2d at 1193.

The state is the entity which must *provide* due process to all persons within its protection. See, generally, 17 Ohio Jurisprudence 3d (1980), Constitutional Law, Sections 656 and 657 and *Clifton Hills Realty Co. v. Cincinnati* (1938), 60 Ohio App. 443, 451, 12 O.O. 418, 421, 21 N.E.2d 993, 998, which states:

"But, under our state and federal Constitutions (the due process clauses) every *person* has a right to be protected in his personal and property rights against the arbitrary and unreasonable exertion of power *by every governmental agency.*"

---

for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and *may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case* or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony." (Emphasis added.)

Accordingly, we hold that the state, which is not considered to be a legal person,[2] has no standing to assert a due process or equal protection claim against itself. If the state wants to enact a rule or statute that requires the clerk of courts to serve notice of final judgments on prosecutors, it is free to do so. The state does not owe itself due process.

Accordingly, the state's motion for leave to file a delayed appeal is denied.

*Motion denied.*

KNEPPER, P.J., and MELVIN L. RESNICK and SHERCK, JJ., concur.

---

2. See, generally, 19 Ohio Jurisprudence 3d (1980), Counties, Townships and Municipal Corporations, Section 27, which states:

"A county is a subdivision of the state, organized for judicial and political purposes, under provision of the Ohio Constitution. In other words, it is a mere political organization of certain territory within the state, particularly defined by geographical limits. Generally speaking, a county is not considered a legal person, or a body corporate, or a separate political entity with any of the attributes of sovereignty. It is rather a constituent part of the plan of permanent organization of the state government—a wholly subordinate political division or instrumentality, created and existing almost exclusively with a view to the policy of the state at large, and serving as a mere agency of the state for certain specified purposes. Basically, the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state and are in fact but a branch of the general administration of that policy." (Footnotes omitted.)