The STATE of Ohio

v.

SIMPKINS. ▮

▮ 2001-Ohio-4734.]

Court of Common Pleas of Ohio,
Marion County, General Division.

Decided Sept. 14, 2001.

Jim Slagle, Marion County Prosecuting Attorney, and Lawrence H. Babich, Assistant Prosecuting Attorney, for plaintiff.

Jettye C. Matlock, for probationer.

---

RICHARD M. ROGERS, Judge.

{¶ 1} This matter is before the court for consideration of the document filed by Lawrence H. Babich, Assistant Prosecuting Attorney, on September 6, 2001, captioned "Notice of probation violation; request for arrest warrant and request for hearing." The Supreme Court of the United States has frequently and clearly stated that a probation violation is not a criminal proceeding.

{¶ 2} In contrasting probation revocation proceedings against criminal trials, the court has stated, "[I]n a revocation hearing, on the other hand, *the State is represented not by a prosecutor, but by a probation officer* with the orientation [toward rehabilitation] * * *." (Emphasis added.) *Gagnon v. Scarpelli* (1973), 411 U.S. 778 at 789, 93 S.Ct. 1756, 36 L.Ed.2d 656. "[R]evocation of [probation] is not part of a criminal prosecution." *Morrissey v. Brewer* (1972), 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484.

{¶ 3} The Third District Court of Appeals has adopted that position. See *State v. Ferguson* (1991), 72 Ohio App.3d 714, 716, 595 N.E.2d 1011.

{¶ 4}   There is a good historical discussion of the nature of probation violation hearings at *State v. Parsons* (Nov. 15, 1996), Greene App. No. 96–CA–20, 1996 WL 665004.   Significant in that discussion are the following quotes:

{¶ 5}   "In probation revocation hearings the parties are referred to as the 'probationer,' not the 'defendant,' because the individual is not on trial, and the 'probation officer,' instead of the 'prosecuting attorney,' because *the probation officer is the one who moves to have the probation revoked.*"   (Emphasis added.)

{¶ 6}   "The probation revocation process, unlike a criminal trial, was intended to be very informal because of the aim behind probation.   The objective of probation can be described as 'to provide an individualized program offering a young or unhardened offender an opportunity to rehabilitate himself without institutional confinement under the tutelage of a probation official and under the continuing power of the court to impose institutional punishment for his original offense in the event that he abuse this opportunity.'   *Roberts v. United States* (1943), 320 U.S. 264 [272], 64 S.Ct. 113, 88 L.Ed. 41.   The focus of probation is rehabilitation as opposed to punishment, and probation is often viewed as more desirable than incarceration because (1) it maximizes the liberty of the individual while at the same time vindicating the authority of the law and effectively protecting the public from further violations of law;   (2) it affirmatively promotes the rehabilitation of the offender by continuing normal community contacts;   (3) it avoids the negative and frequently stultifying effects of confinement which often severely and unnecessarily complicate the reintegration of the offender into the community;   (4) it greatly reduces the financial costs to the public treasury of an effective correctional system;   and (5) it minimizes the impact of the conviction upon innocent dependents of the offender.

{¶ 7}   "The function of the probation officer is much different than that of a prosecutor.   The probation officer acts as a counselor to the probationer, and the officer's function is 'not so much to compel conformance to a strict code of behavior as to supervise a course of rehabilitation * * *.'   *Gagnon*, 411 U.S. at 784, 93 S.Ct. 1756, 36 L.Ed.2d 656.   To do this, the officer 'has been entrusted traditionally with broad discretion to judge the progress of rehabilitation in individual cases, and has been armed with the power to recommend or even declare revocation.'   Id.   A probation officer is generally only to recommend revocation when treatment has failed or is about to fail.

{¶ 8}   "*After the probation officer recommends revocation, it is ideally the probation officer and not a prosecutor who represents the state in a probation revocation hearing.*   Although recommending revocation and possibly representing the state in the proceedings inevitably compromises the probation officer's role as mentor and counselor to the probationer, the probation officer is not

converted into a prosecutor committed to 'convict' the probationer of violating conditions of his or her probation. The probation officer is merely seeking a determination of whether, in light of certain evidence, it is in the best interests of the probationer and the community to continue the probation."

{¶ 9} Further, R.C. 2951.08, which states the circumstances under which a probationer may be arrested, clearly specifies that it is the responsibility of the chief probation officer (or his or her designee) to bring the probationer before the court. "Upon making an arrest under this section, the arresting field officer, probation officer, or peace officer or the department or agency of the arresting officer promptly shall notify the chief probation officer or the chief probation officer's designee that the person has been arrested. Upon being notified that a peace officer has made an arrest under this section, *the chief probation officer or designee,* or another probation officer designated by the chief probation officer, *promptly shall bring the person who was arrested before the judge* or magistrate before whom the cause was pending." (Emphasis added.) R.C. 2951.08(B).

{¶ 10} Likewise, R.C. 2929.15, which provides for the imposition of community control as a sentence, states that "the court shall place the offender under the general control and supervision of a department of probation * * * for purposes of reporting to the court a violation of any condition of the sanctions, * * * [or] violation[s] of law * * *." R.C. 2929.15(A)(2)(a). Further, "if the offender violates any condition of the sanctions, * * * [or] violates any law, * * * *the offender's probation officer * * * shall report the violation or departure directly to the sentencing court * * *.*" (Emphasis added.) R.C. 2929.15(A)(2)(b).

{¶ 11} Obviously, there is no provision for the office of the prosecuting attorney to initiate a notice of probation violation. That prerogative and responsibility lies with the supervising authority, the adult probation department, an arm of the court. The reason is also obvious. The prosecution's function is complete upon sentencing, just as completely as if the defendant had been sentenced to prison. Obviously, the prosecution has no authority over the supervision of one confined to prison. Likewise, the prosecution has no authority over an individual who has been placed on community control under the supervision of a county probation department or the Adult Parole Authority. That responsibility is placed, by statute, upon the adult probation department.

{¶ 12} The supervising officer of this probationer was present at arraignment on new charges, and the court was aware of the existence of community control sanctions and the alleged violation of those sanctions. Further, the timing of a hearing on a probation violation, and notice of the hearing, is the prerogative of the court, not the prosecutor.

{¶ 13}   If such action is initiated by the adult probation department, as is inevitable in this case, the prosecuting attorney might then have a statutory obligation, if requested, to represent the interests of the adult probation department, but not some separate esoteric interest of the office of the prosecuting attorney.   We note that the prosecutor's office has previously refused to honor that responsibility in probation violation hearings, which makes its attempt to control the actions and procedures of the adult probation department all the more offensive in this case.

{¶ 14}   Further, the request for an arrest warrant is inappropriate because the subject probationer was arraigned on her new indictment before this assigned judge, who was, at the time of arraignment, aware of the existing probation.   If this judge had felt that incarceration was necessary, a more substantial bond would have been imposed at that time.   Also, the adult probation department could have issued a holder prior to the arraignment, without court approval, if it had felt that it was appropriate or necessary.

{¶ 15}   IT IS THEREFORE ORDERED that the Clerk shall strike from the file in this case the document filed by the prosecutor on September 6, 2001, by interlineation.

Motion stricken
for lack of standing.