The STATE of Ohio, Appellant,

v.

YOUNG, Appellee.

[Cite as *State v. Young*, 154 Ohio App.3d 609, 2003-Ohio-4501.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–03–13.

Decided Aug. 25, 2003.

Jim Slagle, Marion County Prosecuting Attorney, for appellant.

David Lowther, for appellee.

---

WALTERS, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a Marion County Common Pleas Court judgment wherein the court found that the prosecuting attorney had no authority to request a hearing to determine whether defendant-appellee, Jeffrey Young, had violated the terms of his community-control sanctions, and struck from the record the state's corresponding motion. On appeal, the state argues that it has the authority to report and request hearings and warrants for community-control-sanction violations. Upon review, we find no statutory provision prohibiting the state from initiating such proceedings. Furthermore a violation of probation or a community-control sanction, by virtue of a subsequent felony arrest, is certainly within the concept of "complaints, suits, and controversies" in which the state remains an interested party.[1] Accordingly, we must reverse the judgment of the trial court.

{¶ 2} On September 6, 2000, the trial court entered a judgment sentencing appellee to three years of community-control sanctions as a result of his conviction for a fourth-degree-felony offense of driving while intoxicated. On October 2, 2002, appellee was released from all terms of his community control other than the mandatory terms that he not violate the law or leave the state without the permission of the court or his probation officer.

{¶ 3} On February 14, 2003, appellee was indicted for a third-degree-felony offense of driving while intoxicated and a misdemeanor offense of driving while under suspension.

{¶ 4} On February 27, 2003, the prosecuting attorney's office filed with the trial court a motion entitled, "Notice of Probation Violation; a Request for Arrest Warrant; and a Request for Hearing." The motion set forth the pertinent facts surrounding appellees community-control-sanction violations and requested that the matter be set for hearing. Later that day, the trial court issued an order finding that the prosecuting attorney had no authority to initiate community-control-violation proceedings.[2] The order further directed the clerk to strike the motion from the file by removal.

---

1. R.C. 309.08(A).

2. See *State v. Simpkins* (2001), 120 Ohio Misc.2d 56, 778 N.E.2d 672.

{¶ 5} The state appeals the order denying and striking its motion, presenting two assignments of error. In the interest of brevity, we have consolidated the assigned errors for purposes of review.

### Assignment of Error Number One

"The Trial Court erred by ruling that the prosecuting attorney has no authority to request a hearing to determine whether a criminal defendant violated the terms of his community control sanctions."

### Assignment of Error Number Two

"The Trial Court erred by striking from the file by removal, a pleading filed by the prosecuting attorney which requested a hearing to determine whether the Defendant–Appellee violated the terms of his community control sanctions."

{¶ 6} In its first assignment of error, the state argues that R.C. 309.08 permits a prosecuting attorney to act in matters in which the state is an interested party. The state avers that community-control violations are matters to which the state remains an interested party and that the state is not statutorily precluded from initiating proceedings related thereto. In response, appellee asserts that R.C. 2929.15(A)(2)(a) delegates "general control and supervision" of community-control sanctions to the department of probations and that pursuant to R.C. 2929.15(A)(2)(b), the public or private person or entity that operates or administers the sanction is the only party that can properly institute community-control-violation proceedings. We disagree.

{¶ 7} Although community-control-sanction violations are not necessarily considered criminal proceedings,[3] a prosecuting attorney's duties are not limited to purely criminal proceedings. R.C. 309.03 empowers prosecuting attorneys to prosecute, on behalf of the state, "*all* complaints, suits, and *controversies* in which the state is a party * * * and other suits, matters, and controversies that the prosecuting attorney is required to prosecute within or outside of the county, in the probate court, court of common pleas, and court of appeals."[4] A violation of community-control sanctions, by virtue of a subsequent felony arrest, is certainly within the concept of "complaints, suits, and controversies" in which the state remains an interested party.[5]

{¶ 8} While R.C. 2929.15 subjects criminal defendants to the general control and supervision of the department of probation for administration of community-

---

3. See *State v. Ferguson* (1991), 72 Ohio App.3d 714, 716, 595 N.E.2d 1011.

4. R.C. 309.08. (Emphasis added.)

5. See, e.g., *State v. Paul* (N.M.App.1971), 82 N.M. 791, 792, 487 P.2d 493, 494; *State v. Malbrough* (1980), 5 Kan.App.2d 295, 297, 615 P.2d 165, 168.

control sanctions and directs that related entities *"shall"* report violations "directly to the sentencing court," nothing precludes the prosecutor from reporting such violations. Furthermore, R.C. 2951.08(A), which controls the arrest of community-control violators, permits such an arrest to be made "on the warrant of the judge or magistrate before whom the cause was pending." Nothing prevents a prosecuting attorney from seeking such warrants. Our research shows that this practice is permitted and regularly followed in various venues throughout the state.[6] We therefore hold that R.C. 2929.15 does not limit the power of a prosecuting attorney to initiate revocation proceedings, either expressly or by necessary implication. Accordingly, the states first and second assignments of error are sustained.

{¶ 9} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment and remand the cause to the Marion County Common Pleas Court for further proceedings in accordance with this opinion.

Judgment reversed<br>
and cause remanded.

THOMAS F. BRYANT, P.J., and CUPP, J., concur.

---

**6.** See, e.g., *State v. Riddle,* 3d Dist. No. 4–02–18, 2003-Ohio-478, 2003 WL 215035, at ¶ 9; *State v. Wood* (Dec. 18, 2001), 3d Dist. No. 4–01–14, 2001 WL 1613016; *State v. Love,* 7th Dist. No. 00 CA 255, 2002-Ohio-7178, 2002 WL 31859455, at ¶ 5; *State v. Seely* (Jan. 17, 2002), 5th Dist. No. 01–CA–A–03–010, 2002 WL 109296; *State v. Radcliff,* (Jan. 8, 2002) 5th Dist. No. 01–CAA–07031, 2002 WL 27620; *State v. Davis* (May 31, 2001), 4th Dist. No. 00CA13, 2001 WL 812801; *State v. Powell* (May 14, 1999), 11th Dist. No. 98–P–0060, 1999 WL 315406.