[Cite as *State v. Wheeler*, 2015-Ohio-3231.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 102182 and 102183**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## CHRISTOPHER WHEELER

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-10-554786-A and CR-11-553368-A

**BEFORE:** Celebrezze, A.J., E.T. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** August 13, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
BY: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., A.J.:

{¶1} Plaintiff-appellant, the state of Ohio ("the state"), appeals from the judgment of the trial court, which found defendant-appellee Christopher Wheeler ("Wheeler") in violation of his community control sanctions and denied the prosecutor an opportunity to represent the state and be heard at the hearing. For the reasons set forth below, we affirm.

{¶2} We granted the state's motion to supplement the record with the trial court's standing order. The trial judge's standing order sets forth the following after citing to various statutes and case law:

> As the prosecution is not entitled to notice of probation violation hearings, it will not receive notice either from the Court or from the Probation Department. However, the Prosecutor can check the Desk Book which is open to the Prosecutor or the docket for scheduled probation violation hearings as has been customary in Cuyahoga County Common Pleas Court. The hearings are public and the Prosecutor is entitled to attend each hearing.
> At all future probation violation hearings in this case or any other case, should the prosecutor desire to bring to the attention of the Court or the Probation Department acts that may be a probation violation, it may do so. Since the State is represented by the Probation Department, the prosecutor is not inherently entitled to speak at a Probation hearing. In the event the Prosecutor's Office desires to speak at a hearing, it may only do so with leave of Court. A Request for Leave to be Heard shall be filed no later than 2 days before the scheduled probation revocation hearing and shall include any evidence and witnesses supporting the claimed violations. Case specific statements as to the violation shall be set forth in detail in a brief attached to the request. The Request for Leave to be Heard shall be served on the Probation Department, Counsel for the Defendant and the Defendant should the Defendant wish to proceed pro se, at least 2 days prior to the hearing. Prior evidence and testimony received at the sentencing will not be considered as it will be considered cumulative or repetitious.[1]

---

[1] Very recently, this court addressed an identical challenge to this standing order in *State v. Heinz*, 8th Dist.

Thus, the standing order acknowledges: (1) that the state is represented by the probation department during probation and parole violation hearings; (2) that the prosecutor is not inherently entitled to speak at such hearings without leave of court; and (3) that the prosecutor's office is not entitled to notice of community control sanction hearings. This case arose out of the same trial judge's enforcement of the standing order at Wheeler's community control violation hearing.

{¶3} On March 24, 2011, Wheeler pleaded guilty to a charge of attempted verification of current address, a felony of the fifth degree, in CR-10-554786-A, and was sentenced to 12 months of community control with the following conditions: (1) complete 60 hours of community work service; (2) submit to random drug testing; and (3) obtain and maintain verifiable employment.

{¶4} On May 7, 2012, Wheeler pleaded guilty to a charge of attempted notice of change of address, a felony of the fourth degree, in CR-11-553368-A. On May 30, 2012, Wheeler was sentenced to 36 months of community control with the following conditions: (1) complete 200 hours of community work service; (2) submit to random drug testing; (3) obtain and maintain verifiable employment; and (4) complete the Thinking for a Change program. The court also held a community control violation hearing in CR-10-554786-A on the same date, and found that Wheeler had violated the conditions of his community control. The trial court continued Wheeler on community control with the additional condition that he perform 200 hours of community service.

Cuyahoga No. 102178, 2015-Ohio-2763. The following opinion falls squarely in line with the *Heinz* majority opinion.

The record does not reflect that a prosecutor was present for either the community control violation hearing or the sentencing.

{¶5} On February 22, 2013, the trial court found Wheeler in violation of the conditions of his community control. Wheeler was continued on community control with the additional condition that he complete 100 more hours of community service by June 30, 2013, and the remainder of his hours by December 31, 2014. Again, the record does not indicate that a representative from the prosecutor's office was present for the community control violation hearing.

{¶6} On September 4, 2013, Wheeler was once again found to be in violation of his community control sanctions. The trial court continued Wheeler on community control, and ordered that he complete an additional 50 hours of community service and a drug treatment program. The record does not denote the presence of a prosecutor's office representative at the hearing.

{¶7} Yet again, the trial court found Wheeler to be in violation of his community control sanctions on September 11, 2014. Wheeler was continued on community control and was also required to complete: (1) 50 additional hours of community service; and (2) a drug treatment and aftercare program. The hearing was continued until October 14, 2014, so that the trial court could be updated on Wheeler's progress. Once again, the record does not reflect that a representative from the county prosecutor's office was present at the hearing.

{¶8} At the outset of the hearing on October 14, 2014, the trial judge, in accord with its standing order, recognized that the state was represented by the probation officer. Although the prosecutor did not attempt to comply with the trial court's standing order by seeking leave of court prior to the hearing, the prosecutor stood in open court and asserted his right to be present and heard on behalf of the state at all probation violation hearings. The trial court disagreed with the prosecutor's assertion, and the hearing resumed. Wheeler was continued on community control until May 29, 2017, and was ordered to complete his community service and drug treatment program.

{¶9} It is from these events that the state appeals and asserts one assignment of error for our review

> I. The trial court's determination that the prosecuting attorney does not represent the state at community control violation hearings, and is therefore not a part to community control revocation hearings, is a violation of R.C. §309.08(A), due process, and the separation of powers doctrine.

## I. Statutory Authority

{¶10} First, the state argues that R.C. 309.08 requires the prosecutor's office to participate in community control violation hearings because it is the state's representative. Wheeler contends that community control violation hearings are not matters to which the prosecutor's office is an interested party because R.C. 2929.15 authorizes the probation department to represent the state during these proceedings.

**{¶11}** "The primary rule of statutory construction is to give effect to the legislature's intent." *Cline v. Ohio Bur. Of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991), citing *Carter v. Youngstown*, 146 Ohio St. 203, 65 N.E.2d 63 (1946), paragraph one of the syllabus. Legislative intent is found in the words and phrases of the statute "read in context according to the rules of grammar and common usage." *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 21. Statutory language

> must be construed as a whole and given such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.

*D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 256, 773 N.E.2d 536 (2002), citing *State ex rel. Myers v. Bd. of Edn.*, 95 Ohio St. 367, 116 N.E. 516 (1917).

**{¶12}** We begin by examining the relevant statutes at issue in this case, R.C. 309.08 and 2929.15. R.C. 309.08(A) states:

> The prosecuting attorney shall prosecute, on behalf of the state, all complaints, suits, and controversies in which the state is a party, except for those required to be prosecuted by a special prosecutor pursuant to section 177.03 of the Revised Code or by the attorney general pursuant to section 109.83 of the Revised Code, and other suits, matters and controversies that the prosecuting attorney is required to prosecute within or outside the county, in the probate court, court of common pleas, and court of appeals.

**{¶13}** R.C. 2929.15(A)(2)(a) provides in pertinent part:

> If a court sentences an offender to any community control sanction * * * the court shall place the offender under the general control and supervision of a department of probation in the county that serves the court for purposes of reporting to the court a violation of any condition of the sanctions, any condition of release under a community control sanction imposed by the court, a violation of law, or the departure of the offender from this state without the permission of the court or the offender's probation violation.

**{¶14}** Finally, R.C. 2929.15(A)(2)(b) states that:

[i]f the court imposing sentence upon an offender sentences the offender to any community control sanction * * * and if the offender violates any condition of the sanctions, any condition of release under a community control sanction imposed by the court, violates any law, or departs the state without the permission of the court or the offender's probation officer, the public or private person or entity that operates or administers the sanction or the program or activity that comprises the sanction shall report the violation or departure directly to the sentencing court * * *.

**{¶15}** A plain reading of these statutes reflects that the General Assembly did not explicitly create a role for prosecutors in community control violation hearings. R.C. 2929.15(A)(2)(a) elucidates that the probation department has been given responsibility over the general control and supervision of offenders placed on community control. Moreover, R.C. 2929.15(A)(2)(b) clearly vests the probation department with authority to initiate violation hearings by reporting community control violations to the trial court. The statutes neither mention the prosecutor's office nor explicitly contemplate a role for prosecutors in community control violation hearings. The community control statutes are completely devoid of any reference to the prosecutor's office.

**{¶16}** The state contends that community control violation hearings fall within the purview of "complaints, suits, or controversies" under R.C. 309.08(A), and that the prosecutor's office should play a role. Initially, we note that the R.C.309.08(A) states that the prosecutor's office "*shall* prosecute" all complaints, suits, or controversies. By virtue of this language, the statute confers a mandatory, rather than a discretionary, obligation upon the prosecutor's office. If we were to find that community control violation hearings fall under R.C. 309.08 as a "controversy," as the prosecutor's office

would have us hold, prosecutorial intervention and participation would be required and warranted at every violation hearing.

{¶17} Furthermore, we believe that the state's interests at these hearings are sufficiently represented by the probation department because community control violation hearings are not normally characterized as criminal proceedings. The United States Supreme Court, the Ohio Supreme Court, this court, and our sister districts have recognized that community control and parole revocation hearings are not criminal proceedings. *See Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Ferguson,* 72 Ohio App.3d 714*,* 716, 595 N.E.2d 1011 (3d. Dist.1991); *State ex rel. Coulverson v. Ohio Adult Parole Auth.*, 62 Ohio St.3d 12, 577 N.E.2d 352 (1991); *State ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St.3d 82, 661 N.E.2d 728 (1996); *State v. Parsons*, 2d Dist. Greene No. 96 CA 20, 1996 Ohio App. LEXIS 4957 (Nov. 15, 1996); *In re Bennett*, 8th Dist. Cuyahoga No. 71121, 1997 Ohio App. LEXIS 2546 (June 12, 1997); *State v. Hayes*, 8th Dist. Cuyahoga No. 87642, 2006-Ohio-5924, ¶ 11; *State v. Lenard*, 8th Dist. Cuyahoga No. 93373, 2010-Ohio-81, ¶ 14. Moreover, the United States Supreme Court has acknowledged that "[i]n a revocation hearing, the State is represented, not by a prosecutor, but by a parole [probation] officer * * *." *Gagnon*, 411 U.S. 778 at 789. The trial court relied on this precedent when issuing its standing order.

{¶18} Traditionally, probation and parole revocation proceedings have been characterized as informal hearings due to the absence of formal procedures and rules of

evidence, and the reduced quantum of evidence necessary to establish a violation. *See Gagnon,* 411 U.S. 778 at 789; *Lenard*, 2010-Ohio-81 at ¶ 11. These proceedings are regularly presided over by a neutral and detached hearing body, such as the trial court, which is charged with the responsibility of determining whether or not the offender's reported conduct violated the conditions of community control. *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

{¶19} Therefore, because the statutes do not provide for a prosecutor's participation, and because community control violation proceedings are not criminal proceedings, we hold that the trial court's standing order does not violate Ohio law. The state is adequately represented by the probation department in community control violation and revocation hearings.

{¶20} However, this is not to say that the prosecutor's office will never be able to participate in community control violation hearings. We acknowledge that there will be instances where an offender already on community control will commit an indictable offense that will also constitute a community control violation. Under those circumstances, we believe that the probation department, pursuant to R.C. 2929.15(A)(2)(b), would be responsible for reporting the community control violation to the court, and that the prosecutor's office would be entitled to prosecute the offender for the new crime under R.C. 309.08(A). The trial court's standing order clearly contemplates this situation because it does not prohibit a prosecutor's ability to file an indictment for the commission of the new offense.

{¶21} Moreover, we also recognize that in some cases the prosecutor's office may have new, valuable, or essential information to contribute to a community control violation proceeding. Again, the trial court's standing order provides for such an occasion, and permits the prosecutor to be heard by filing a request for leave of court no later than two days before the scheduled hearing. Additionally, the standing order requires a detailed explanation of the violation to be attached to the brief.

{¶22} The state urges us that a case from another Ohio district, *State v. Young*, 154 Ohio App.3d 609, 2003-Ohio-4501, 798 N.E.2d 629 (3d Dist.), supports its contention that the prosecutor's office is required to participate in community control violation proceedings. In *Young*, the defendant was convicted of driving while under the influence and was placed on community control. *Id.* at ¶ 2. Later, the defendant was released from many of his community control conditions, but was ordered not to violate the law or leave the state without permission. *Id.* While these conditions were still in effect, the defendant was indicted for misdemeanor driving while under suspension and felony driving while under the influence. *Id.* at ¶ 3. Subsequently, the prosecutor filed a pleading with the trial court, indicated that there had been a probation violation, and requested a hearing on the issue. *Id.* at ¶ 4. The trial court issued an order and asserted that the prosecutor's office had no authority to initiate community control violation proceedings. *Id.* The Third District held that R.C. 2929.15 does not prohibit the prosecutor from initiating revocation proceedings. *Id.* at ¶ 8.

**{¶23}** We believe that the facts of *Young* are inapposite to this case. The *Young* prosecutor sought to participate in a community control violation hearing subsequent to the defendant's commission of a felony and new indictment. The prosecutor's duties under R.C. 309.08(A) were implicated by virtue of the new, indictable offense. Moreover, unlike in this case, *Young* involved the initiation of community control hearings, not the right of the prosecutor to represent the state at a community control violation hearing. Here, the October 14, 2014 hearing was not held because Wheeler had committed a new, indictable offense; it was held to update the court on Wheeler's progress. Further, to the extent we are aware, this prosecutor was not asserting a right to participate on behalf of the state in order to bring a purported violation or vital information to the court's attention. Thus, the state's reliance on *Young* is incorrect.

**{¶24}** Finally, insofar as the prosecutor argues that the trial court abused its discretion by promulgating and adhering to the standing order in this case, we disagree. An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The standing order does not prohibit prosecutors from attending or speaking; it merely serves as a guideline for when and how prosecutors may participate. Moreover, the standing order thoroughly details the statutes and precedent upon which it is based. Thus, we cannot say that the trial court abused its discretion in this case by adhering to its standing order because the order comports with Ohio law.

## II. Due Process

**{¶25}** The state also contends that the trial court's standing order is a violation of due process. Specifically, the state posits that the standing order denies the prosecutor's office an opportunity to be heard. We disagree. In *Avon Lake City School Dist. v. Limbach*, 35 Ohio St.3d 118, 121, 518 N.E.2d 1190 (1988), the Ohio Supreme Court stated:

> [A] political subdivision may not invoke the protection provided by the Constitution against its own state and is prevented from attacking the constitutionality of state legislation on the grounds that its own rights had been impaired. While there may be occasions where a political subdivision may challenge the constitutionality of state legislation, it is not entitled to rely upon the protections of the Fourteenth Amendment. A political subdivision * * * receives no protection from the Equal Protection or Due Process Clauses vis-a-vis its creating state.

**{¶26}** Relying on the Ohio Supreme Court's rationale in *Avon Lake*, this court, and other courts in this state, have reasoned that "the state is the entity which must *provide* due process; it has no right of due process from itself. Therefore, it cannot claim a constitutional right to notice." (Emphasis sic.) *State v. Mayo*, 8th Dist. Cuyahoga No. 80216, 2002 Ohio App. LEXIS 2075, *5-6, fn. 1 (Apr. 24, 2002) , citing *State v. Hartikainen,* 137 Ohio App.3d 421, 425, 738 N.E.2d 881 (6th Dist. 2000), citing 19 Ohio Jurisprudence 3d, Counties, Townships and Municipal Corporations, Section 27 (1980).

**{¶27}** R.C. 2743.01(B) defines "political subdivisions" as "municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which

the sovereign immunity of the state attaches." The Cuyahoga County prosecutor's office, as a county office, is by definition a political subdivision. Thus, the prosecutor's office is not entitled to invoke the protections of due process because, as a division of the state, it has no standing to assert a due process violation against itself.

### III. Separation of Powers

{¶28} Finally, the state contends that the trial court's standing order violates the separation of powers doctrine. Specifically, the state argues that the doctrine of separation of powers has been violated because the General Assembly has entrusted the probation department with both judicial and executive authority. We disagree.

{¶29} The Ohio Supreme Court has consistently reiterated that the doctrine of separation of powers is "implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of government." *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 134, 729 N.E.2d 359 (2000), quoting *S. Euclid v. Jemison*, 28 Ohio St.3d 157, 158-159, 503 N.E.2d 136 (1986). The long-established rule in Ohio regarding the separation of powers doctrine is that "powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over others." *Id.*, quoting *State ex rel. Bryant v. Akron Metro. Park Dist.*, 120 Ohio St. 464, 473, 166 N.E. 407 (1929).

{¶30} We believe that the General Assembly was within the ambit of its legislative authority when it vested the probation department with the responsibility of supervising offenders placed on community control and for reporting community control violations to the trial court. We fail to understand, and the state fails to adequately explain, how the probation department intrudes upon executive authority by reporting violations to the trial court and by supervising offenders placed on judicial supervision.

## IV. Conclusion

{¶31} In sum, we find that the trial court's standing order, which acknowledges the probation department as the state's representative during community control violation hearings, comports with Ohio law and also adequately provides for the prosecutor's office's participation in limited circumstances. Moreover, the trial court did not abuse its discretion by adhering to the standing order given the facts and circumstances of this case. Furthermore, the prosecutor's office is not entitled to notice and an opportunity to be heard under due process because the state has no right of due process from itself. Finally, we do not believe the General Assembly has violated the separation of powers doctrine by delegating the responsibility of supervising offenders and reporting violations to the probation department. Thus, the state's sole assignment of error is overruled.

{¶32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR