134

The State, ex rel. Woodbury et al., Appellants, *v.* Spiler, Prosecuting Attorney, Appellee.

(No. 72-808—Decided May 23, 1973.)

*Messrs. Hanna & Hanna* and *Mr. M. Shad Hanna,* for appellants.

*Mr. Daniel T. Spitler,* prosecuting attorney, and *Mr. Peter Gwyn,* for appellee.

STERN, J. It is appellants' contention that if no answer or other pleading is made or filed to an alternative writ of mandamus prior to commencement of the hearing on such writ, a peremptory writ of mandamus must be allowed and issued forthwith against the party to whom the alternative writ was issued. Appellants base this contention on the language of R. C. 2731.10, which provides: "If no answer is made to an alternative writ of mandamus, a peremptory mandamus must be allowed against the defendant."

The crux of this case turns upon the meaning of the word "answer," as used in R. C. 2731.10, and the discretion allowed a court in regard to this matter. Appellants would have us hold that an answer must be made in written form prior to commencement of the hearing, and that the court lacks discretion to allow an unwritten answer. In support of that argument appellants cite the following cases: *State, ex rel. Wiegel,* v. *Randall* (1953), 160 Ohio St. 327; *State, ex rel. Baxter,* v. *Manchester* (1944), 143 Ohio St. 48; *State, ex rel. Clifton,* v. *Howard* (1929), 121 Ohio St. 607; *State, ex rel. Clemmer & Johnson Co.,* v. *Tur-*

*ner* (1916), 93 Ohio St. 379; and *State, ex rel. Otenberger*, v. *Hawes* (1885), 43 Ohio St. 16.

Although the word "answer," as used in regard to pleadings, would normally imply a written answer, we do not feel that a proper reading of those cited cases, or logic, necessitates such a narrow holding in this instance. As indicated by the record herein, the appellee was not served a copy of the alternative writ of mandamus until late on the afternoon of Friday, October 13, 1972, and the hearing was to be held at 9:15 a. m., Monday, October 16, 1972, thereby allowing little time for the preparation and filing of a written answer.

Under such circumstances, in proceeding with the hearing to the extent necessary to determine whether appellants would be prejudiced by not having previously been given a written answer, the court did not abuse its discretion. Nor was it prejudicial error for the court to proceed to a final determination on the merits and permit a subsequent filing of a written answer by appellee.[2]

Indeed, the crux of the answer presented by appellee at the hearing was an affidavit signed by the appellee in which he acknowledged that proper plea bargaining had occurred, and stated that he would comply with all the provisions of the plea-bargaining agreement and that he " * * * is prepared to proceed with prosecution * * * and will not use as evidence against the defendant[s] any statements or admissions or evidence resulting from such statements or admissions given by the defendant[s] to the prosecution as a result of plea bargaining."

That assurance by appellee was previously made before this court in the case of *State, ex rel. Woodbury,* v. *Coller* (1972), 31 Ohio St. 2d 195, which involved issues substantially the same as those presented herein. As stated therein, at page 196: "Prohibition will not lie as to a prose-

---

[2]Appellants do not contend that they were confronted with any new material either by the oral answer or by the subsequent written answer, nor do they contend that they were deprived of the opportunity to adequately prepare an argument contra to appellee's oral answer.

cutor who is duty bound to proceed to prosecute pursuant to indictment. *The prosecuting attorney will be required to carry out any proper agreements entered into with defense counsel* which were relied upon by appellants to their prejudice. The prosecuting attorney, in oral argument before this court, asserted his intention to carry out completely such agreements." (Emphasis added.)

In view of the foregoing, we agree with the Court of Appeals that this writ was improvidently sought. Extraordinary remedies, *i. e.*, mandamus, prohibition and habeas corpus, are available only when usual forms of procedure are incapable of affording relief. They may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction, or as a means for testing the constitutionality of a statute in favor of one who has been convicted or who has charges pending against him where the court wherein the criminal cause is pending or conviction was obtained had jurisdiction to determine the question of constitutionality.[3]

This writ of mandamus, having been sought on the basis of anticipation of an omission of duty, was properly denied, and the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT, J., concurring. I concur, but believe that we could have reached the same result without citing R. C. 2731.10. That statute should not be construed as controlling the exercise of original jurisdiction in mandamus constitutionally granted to Courts of Appeals and this court.

---

[3] See 63 American Jurisprudence 2d 260, Prohibition, Section 31; 52 American Jurisprudence 2d 333 and 334, Mandamus, Sections 4 and 5; 39 American Jurisprudence 2d 186, Habeas Corpus, Section 12.