158

THE STATE, EX REL. BROWN, ATTORNEY GENERAL, *v.*
GALBRAITH, JUDGE, ET AL.

(No. 77-113—Decided December 14, 1977.)

Mr. *William J. Brown*, attorney general, and *Mr. Gene W. Holliker*, for relator.

*Cumming, Bannister, Izenson & Kinney Co. L. P. A.* and *Mr. Fred M. Izenson*, for respondents.

*Per Curiam.* R. C. 2743.70 provides, in pertinent part, that:

"The court, in which any person is convicted of or pleads guilty to any offense other than a traffic offense that is not a moving violation shall impose the sum of three dollars as costs in the case in addition to any other court costs that the court is required by law to impose upon the offender. All such moneys shall be transmitted on the first business day of each month by the clerk of the court to the treasurer of state and deposited by the treasurer in the reparations rotary fund."

This court finds apposite to the present cause the reasoning of the Supreme Court of Florida in *State* v. *Young* (1970), 238 So. 2d 589, in which that court upheld a statute imposing a one dollar court cost against each person convicted of a crime (other than non-moving traffic violations) or guilty of a bond forfeiture. This court cost was to go to the general revenue fund of the state. The court stated, at page 590:

"It is not unreasonable that one who stands convicted of such an offense should be made to share in the improve-

160

ment of the agencies that society has had to employ in defense against the very acts for which he has been convicted.'' Likewise, in the instant cause, it is not unreasonable that one who stands convicted of an offense should be made to share in the cost to society of criminal activity.

This court determines that R. C. 2743.70 is constitutional and, therefore, a writ of mandamus shall issue directing respondents to enforce and observe the statute's provisions.

*Writ allowed.*

O'Neill, C. J., Celebrezze, W. Brown, P. Brown, Sweeney and Locher, JJ., concur.

Herbert, J., dissenting. I do not agree that respondent has a clear legal duty to follow a statute which has been declared unconstitutional in an unreversed final order issued by a duly constituted court of law.