THE STATE, EX REL. RIVERSIDE METHODIST HOSPITAL, APPELLEE, v. GILLIE, JUDGE, ET AL., APPELLANTS.

(No. 78-829—Decided April 25, 1979.)

*Messrs. Bricker, Evatt, Barton & Eckler, Mr. Bruce G. Lynn* and *Mr. Marshall L. Lerner,* for appellee.

*Messrs. Wolske & Blue, Mr. Walter J. Wolske, Jr.*, and *Mr. Dennis M. McCarthy*, for appellants Mary T. and Earl LaValley.

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Richard W. Siehl*, for appellant William T. Gillie, Judge.

*Per Curiam.* Appellants argue, *inter alia*, that the determination of the trial court that R. C. 2711.21 is unconstitutional is a discretionary judicial decision, challengeable by an appropriate direct appeal. Appellants assert further that such procedure affords appellee an adequate remedy in the ordinary course of the law. We agree.

· "Extraordinary remedies * * * [such as] mandamus * * * are available only when usual forms of procedure are incapable of affording relief. They may not be employed before trial on the merits, or as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court * * *, or as a means of testing the constitutionality of a statute * * * where the court * * * had jurisdiction to determine the question of constitutionality." *State, ex rel. Woodbury,* v. *Spitler* (1973), 34 Ohio St. 2d 134, 137, 296 N. E. 2d 526. See, also, *State, ex rel. Wargo,* v. *Price* (1978), 56 Ohio St. 2d 65, 381 N. E. 2d 943; *State, ex rel. Marshall,* v. *Keller* (1968), 15 Ohio St. 2d 203, 239 N. E. 2d 85.

Appellee avers that the remedy of appeal, in the instant cause, is not adequate because the benefit of the arbitration provisions of R. C. 2711.21 would be unavailable after a trial and after a determination of the constitutionality of the statute on appeal. We find appellee's contention in this regard unpersuasive.

· R. C. 2711.21 is a compulsory, nonbinding arbitration procedure which offers no guarantee to either party that a cause will avoid trial. Furthermore, a final determination on appeal that R. C. 2711.21 is constitutional could render the trial court's refusal to comply with the mandatory arbitration provisions of the statute reversible error.

The issue of the constitutionality of R. C. 2711.21 was properly before the Court of Common Pleas, and that

court's judgment may be duly reviewed upon direct appeal to the Court of Appeals.

The writ of mandamus should not have been allowed and the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.