THE STATE, EX REL. CITY OF CLEVELAND, APPELLANT, *v.* CALANDRA, JUDGE, APPELLEE.

[Cite as State, ex rel. Cleveland, v. Calandra (1980), 62 Ohio St. 2d 121.]

(No. 79-1242—Decided April 30, 1980.)

*Ms. Almeta A. Johnson,* chief police prosecutor, and *Mr. Jeffrey M. Bain,* for appellant.

*Messrs. Stege & Delbaum* and *Mr. Charles M. Delbaum,* for appellee.

*Per Curiam.* Appellant, in its first proposition of law, asserts that the issuance of a writ of mandamus is proper in the instant cause, since an appeal to the Court of Appeals does not provide for a "plain and adequate" remedy in the ordinary course of the law as required by R. C. 2731.05.

We find appellant's assertion unpersuasive and hold that appellant had a plain and adequate remedy.

Appellant claims that the remedy of appeal is not plain because it is extremely doubtful whether an appeal is available to the prosecution in a case of failure to impose a mandatory sentence.

R. C. 2945.67(A) reads, in pertinent part, as follows:

"A prosecuting attorney, village solicitor, [or] city director of law***may appeal by leave of the court to which the appeal is taken any other decision, *except the final verdict, of the trial court in a criminal case***.*" (Emphasis added.)

In the cause *sub judice,* it is appellee's failure to impose a mandatory prison sentence, rather than the determination of guilt, which would be questioned upon review. R. C. 2945.67-(A), expressly allowing appeals of any decision except a "final verdict," would not prevent appellant from appealing the sentence imposed upon the defendant herein.*

Appellant failed to pursue its discretionary right of appeal, which is a sufficiently plain and adequate remedy in the ordinary course of the law. Until leave to appeal is sought and

---

* The discretionary right of appeal by the prosecution would not amount to double jeopardy. The United States Supreme Court has determined that the correction of an invalid sentence does not constitute double jeopardy, and that a prisoner whose guilt is established by jury verdict may not escape punishment because the court committed an error in passing sentence. *Bozza* v. *United States* (1947), 330 U. S. 160, and *In re Bonner* (1894), 151 U. S. 242.

denied, a remedy in the ordinary course of the law exists which is adequate to afford the review the appellant herein seeks.

In its second proposition of law, appellant asserts that the failure to impose the mandatory prison sentence is a breach of a legal duty by appellee and thus supports the issuance of a writ of mandamus. Appellant relies on *State, ex rel. Moraites,* v. *Gorman* (1975), 42 Ohio St. 2d 175, wherein the trial court simply ignored the mandatory prison sentence. The case at bar is quite different, in that appellee, rather than ignoring the mandatory prison sentence, found such sentence unconstitutional. As noted herein, appellant has the availability to raise the issue of the constitutionality of the mandatory sentence on appeal by leave of court.

Furthermore, just recently, in *State, ex rel. Riverside Methodist Hosp.,* v. *Gillie* (1979), 58 Ohio St. 2d 49, 51, this court stated that:

" 'Extraordinary remedies ***[such as] mandamus *** are available only when usual forms of procedure are incapable of affording relief. They may not be employed before trial on the merits, or as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court***, or as a means of testing the constitutionality of a statute***where the court***had jurisdiction to determine the question of constitutionality.' *State, ex rel. Woodbury,* v. *Spitler* (1973), 34 Ohio St. 2d 134, 137, 296 N. E. 2d 526. See, also, *State, ex rel. Wargo,* v. *Price* (1978), 56 Ohio St. 2d 65, 381 N. E. 2d 943; *State, ex rel. Marshall,* v. *Keller* (1968), 15 Ohio St. 2d 203, 239 N. E. 2d 85."

We, therefore, hold that the complaint in mandamus was properly dismissed, and the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and Holmes, JJ., concur.

HERBERT, J., concurring. In view of this decision and *State, ex rel. Riverside Methodist Hosp.,* v. *Gillie* (1979), 58 Ohio St. 2d 49, 387 N. E. 2d 1378, it appears that *State, ex rel. Brown,* v. *Galbraith* (1977), 52 Ohio St. 2d 158, 370 N. E. 2d 477, has been impliedly overruled.