THE STATE, EX REL. LEIS, PROS. ATTY., APPELLEE, *v.* OUTCALT, JUDGE, APPELLANT, ET AL.

[Cite as State, ex rel. Leis, v. Outcalt (1980), 62 Ohio St. 2d 331.]

(No. 79-1231—Decided June 18, 1980.)

332

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. Leonard Kirschner, pro se.*

*Mr. William D. Cunningham,* for appellant.

*Per Curiam.* The question presented by this cause is whether the issuance of the writ of mandamus by the Court of Appeals compelling respondent to sentence the defendant in conformity with R. C. 2929.11 was proper.

In *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, 403 N.E. 2d 989, this court affirmed the denial of a complaint for a writ of mandamus in a cause involving the refusal of a trial judge to impose the mandatory sentence required by Section 619.09(B)(1) of the Cleveland city ordinances. This court held that the prosecutor possessed a plain and adequate remedy at law under R. C. 2945.67(A), which provides, in applicable part:

"A prosecuting attorney, village solicitor, [or] city director of law * * *may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case* * *."

Although the instant cause differs from *Calandra* to some degree, inasmuch as the trial court in this cause refused to apply the sentence prescribed by statute,[3] whereas in *Calandra*

---

[3] *State, ex rel. Moraites,* v. *Gorman* (1975), 42 Ohio St. 2d 175, 326 N.E. 2d 868, was decided prior to the effective date of present R. C. 2945.67.

the court declared the mandatory sentencing ordinance unconstitutional, this distinction does not render our holding in *Calandra* inapplicable to the cause at bar. The instant relator possessed a plain and adequate remedy in the ordinary course of law. See *State, ex rel. Gargallo,* v. *Court of Common Pleas* (1972), 31 Ohio St. 2d 45, 285 N.E. 2d 13; *State, ex rel. Kay,* v. *Cleveland* (1971), 27 Ohio St. 2d 37, 271 N.E. 2d 784; *State, ex rel. Corron,* v. *Wisner* (1971), 25 Ohio St. 2d 160, 267 N.E. 2d 308; *State, ex rel. Sibarco Corp.,* v. *Berea* (1966), 7 Ohio St. 2d 85, 218 N.E. 2d 428, certiorari denied, 386 U.S. 957.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.