JOURNAL ENTRY AND OPINION
James Pecsi, relator, is seeking a writ of mandamus to compel respondent, Judge Peggy Foley Jones, pursuant to Crim.R. 11(C) and (E), to "change [the] court journal to reflect that a failure of Crim.R. 11(C) has accured (sic) [,] failure to explain maximum penalty involved and what pleas [were] available. Respondent has filed a motion to dismiss the petition and, for the reasons that follow, we grant respondent's motion.
A petition for a writ of mandamus "must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. Absent such detail and attachments, the complaint is subject to dismissal." Loc.App.R. 45(B)(1)(a); State ex rel. Key v. Court of CommonPleas (Jan. 9, 1997), Cuyahoga App. No. 71680, unreported. In the case sub judice, relator has not set forth any facts in the petition which detail his claim. Instead, in the section of relator's petition entitled "#3. THE FACTS SHOWING THAT RELATOR IS ENTITLED TO THE RELIEF REQUESTED ARE AS FOLLOWS [DESCRIBE IN DETAIL FACTS SUPPORTING PETITION]," relator has set forth only case law relating to Crim.R. 11 violations. Relator has not supplied any facts relating to his own particular situation.
Nor has relator set forth any facts which specify the details of his claim in the affidavit attached to the petition. Relator avers only that he is a defendant in three cases, that he is incarcerated in the county jail, that he is indigent, and that he wishes to appeal certain rulings. None of these averments sets forth any details with respect to relator's claim for a writ of mandamus to compel respondent to change a court journal.
Additionally, based upon relator's averment in his affidavit that he wishes to appeal, if the true intent of relator is to contest the legality of a plea pursuant to Crim.R. 11, relator has an adequate remedy at law by way of appeal to challenge whether a trial judge has complied with Crim.R. 11 before accepting a plea. See App.R. 3, 4, 5. A proceeding in mandamus may not be used as a substitute for the remedy of appeal. Stateex rel. Woodbury v. Spitler (1973), 34 Ohio St.2d 134,296 N.E.2d 526. When there is an adequate remedy in the ordinary course of law, such as appeal, the writ of mandamus "must not be issued." R.C. 2731.05; State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170.
Accordingly, respondent's motion to dismiss is granted. Costs to be assessed against relator.
 ________________________________ ANN DYKE ADMINISTRATIVE JUDGE
 TERRENCE O'DONNELL, J. CONCURS.