On this appeal from a conviction following a guilty plea before Judge Nancy R. McDonnell, I dissent and would dismiss Bryan Jones's appeal as moot because: 1) he was never sentenced to post-release control; 2) the State did not appeal the sentence; and 3) there is no longer any way the sentence can be lawfully corrected to include post-release control. At oral argument Jones stated he appealed in order to vacate his plea only because he believed his eight-year sentence now included an unexpected five years of post-release control, and conceded that he would accept his plea and conviction if his agreed-upon eight-year prison term was his complete sentence. By rejecting Jones's request to enforce his eight-year sentence and merely vacating his plea the majority has engineered an increased sentence on remand.
Jones would have been better served had he dismissed his appeal because the majority agrees that his sentence did not include post-release control. Such mandatory sentences and fines are not automatic and must be properly imposed. Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103; see, also, Cleveland v. Krakowski (Mar. 9, 1989), Cuyahoga App. Nos. 54712, 54713, 55890, 55891, unreported (mandatory fines not imposed). The briefing on this case concluded in July of 2000, Woods was released in August and this case was argued in October. When advised by the panel at oral argument that his sentence did not include post-release control, Jones agreed that his appeal should be dismissed as moot since he suffered no prejudice from the judge's failure to inform him of a sentence that was not imposed. See State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592, unreported. My first objection, then, to the majority opinion is that it fails to recognize that Jones is not currently subject to the sentence he complained of, and that by granting him relief it is, in fact, finding against him, and in derogation of his express wishes at oral argument. I fail to see how the majority can find merit in Jones's assignment of error when he admitted no error occurred because he was never sentenced to post-release control.
The refusal to accept Jones's statements at oral argument can be justified only if the majority has drawn one of two conclusions, neither of which I can accept:
 1. This court has the authority, in this appeal or in some later proceeding, to agree with a defendant that post release control was not part of his sentence but, nevertheless, remand for the opportunity to have his sentence increased to include mandatory or discretionary post-release control and fines, or
 2. a common pleas judge, sua sponte or on motion, has jurisdiction and discretion to correct the sentence at any time.
Because the majority has ruled on Jones's assignment of error and vacated his plea even though he was not sentenced to post-release control, I can surmise only that the majority sua sponte believes his sentence must be modified to include post-release control, either in this appeal or sometime in the future. I begin with an examination of this court's power to correct the sentence, but note that the majority has asserted no such authority nor purported to take any action to correct the sentence before vacating Jones's plea.
R.C. 2953.08 provides both the State and a defendant the right to appeal a sentence. The State has an express right to appeal any sentence that is contrary to law. R.C. 2953(B)(2). This right of appeal, part of the sentencing reform provisions enacted in 1996, replaced a prior procedure requiring the State to seek leave to appeal a sentence under R.C. 2945.67. See, e.g., State ex rel. Leis v. Outcalt (1980),62 Ohio St.2d 331, 16 O.O.3d 392, 405 N.E.2d 725. Under the prior statute, the State's abilities to request leave from the court of appeals and to seek further leave from the Ohio Supreme Court were adequate remedies at law precluding relief by mandamus. Id.; State ex rel. Corrigan v. Lawther (1988), 39 Ohio St.3d 157, 529 N.E.2d 1377. Therefore, in the absence of proper appeals, even an admittedly unlawful sentence could be allowed to stand, because mandamus would not lie to force the judge to correct the sentence. State v. Fisher (1988),35 Ohio St.3d 22, 517 N.E.2d 911; see, also, State ex rel. LTV Steel Co. v. Gwin (1992), 64 Ohio St.3d 245, 248-49, 594 N.E.2d 616, 620 (denial of leave to appeal does not allow extraordinary writ). The same doctrine would apply with even more force today, since the State now has a statutory right to appeal a sentence.
Jones was convicted and sentenced on November 9, 1998, the State did not take an appeal as of right within the time allowed by App.R. 4, and has no right to take a delayed appeal, or even to request leave to take a delayed appeal. App.R. 5; State v. Hartikainen (2000), 137 Ohio App.3d 421,423, 738 N.E.2d 881, 882-83. It made no attempt to file a cross-appeal, or even a cross-assignment of error, in response to Jones's appeal.[3]
There should be no dispute, then, that this court's power to correct the sentence must arise in this appeal or not at all.
I have repeatedly contended that this court has the authority to recognize plain error in sentencing, even when a defendant has failed to assign sentencing error in his appeal. State v. Beranek (Dec. 14, 2000), Cuyahoga App. No. 76260, unreported; State v. Payton (Dec. 14, 2000), Cuyahoga App. No. 76967, unreported. Those cases, however, involved defendants' appeals and found plain error prejudicial to defendants. Even if this court could properly recognize plain error prejudicial to the State in an appeal by the State, that issue is not before us. In order to correct Jones's sentence here, we must find it appropriate to recognize and correct plain error prejudicial to the State in a defendant's appeal, where the State at no time has even attempted to assert any error in the judgment. I would find that this court has no jurisdiction, directly or indirectly through vacation of a plea, to increase the severity of Jones's sentence in response to his appeal.
Other courts have rightly held that defendants' rights to appeal would be chilled if a reviewing court could manipulate an increase in their sentences even though the State failed to appeal. State v. Dawson (1990), 164 Ariz. 278, 792 P.2d 741; State v. Fraser (La. 1986),484 So.2d 122; see, also, 4 American Bar Association Standards for Criminal Justice (2 Ed. 1980) 20-30, Standard 20-3.3(b). Any action by this court, including vacation of his plea, to correct and, as a consequence, to enable an increase in Jones's sentence, is wrong.
Some courts have espoused the belief that a common pleas judge retains perpetual jurisdiction and discretion to address sentencing errors, whether sua sponte or on motion. Such a belief stems from the decision in State v. Beasley (1984), 14 Ohio St.3d 74, 471 N.E.2d 774, which stated that a sentence in violation of statutory requirements renders the attempted sentence a nullity or void. Id. at 75, 471 N.E.2d at 775. Because the language used implies that a sentence contrary to law is not a final judgment, subsequent cases addressing the issue have found that judges maintain jurisdiction to correct unlawful sentences and can do so at any time, either on motion or sua sponte. See, e.g., State v. Dickens (1987), 41 Ohio App.3d 354, 535 N.E.2d 727; State v. Newell (Sept. 2, 1993), Cuyahoga App. No. 63362, unreported.
I submit that Beasley was neither intended to, and in fact does not, vest a judge with such broad authority to modify sentences that do not comply with statutory directives. The sentence correction in Beasley began with the State's petition for a writ of mandamus, which was initially granted by the Court of Appeals for Hamilton County. The trial judge complied with the writ, but, nonetheless, appealed the propriety of the mandamus action. Even though the Ohio Supreme Court reversed the grant of mandamus because the State had ability to request leave to appeal, it upheld the trial judge's resentencing order (made in compliance with the improperly granted writ) against the defendant's subsequent appeal claiming double jeopardy. Id. The salient point throughout Beasley's odd procedural posture is that the State initiated the proceedings — the trial judge did not act sua sponte. Furthermore, any jurisdictional component asserted in Beasley arose from R.C. 5145.01, a statute whose language has since been amended, and in neither its former or current version would support a jurisdictional mandate concerning the post-release control provisions here; as an arguable mandate, the statute acts only with respect to the imposition of prison terms.
Cases since Beasley have reinforced the holding that mandamus will not lie to force a judge to correct a sentencing error and that, absent proper appellate proceedings, such rulings cannot be attacked. State v. Fisher, supra. Because an erroneous sentence can be enforceable, we cannot take literally Beasley's pronouncement that the attempted sentence is a nullity or void. We must conclude the erroneous sentence is voidable, but it is not void. See State v. Perry (1967), 10 Ohio St.2d 175,178-79, 30 O.O.2d 189, 226 N.E.2d 104, 107 (jurisdictional defect renders judgment void, while other errors make it merely voidable); Fisher; Birns v. Sweeney(1950), 154 Ohio St. 137, 42 O.O. 199, 93 N.E.2d 562 (error in sentencing must be corrected by appeal, and not by habeas corpus); Johnson v. Sacks (1962), 173 Ohio St. 452, 454, 20 O.O.2d 76,184 N.E.2d 96, 97 (The imposition of an erroneous sentence does not deprive the trial court of jurisdiction.); Majoros v. Collins(1992),64 Ohio St.3d 442, 443, 596 N.E.2d 1038, 1039 (We have consistently held that sentencing errors are not jurisdictional * * *.). The lack of a jurisdictional question makes the error waivable, and the State, lacking any remedy but the right of timely appeal, waives any error in the judgment if it does not timely appeal. Perry v. Maxwell (1963),175 Ohio St. 369, 370, 25 O.O.2d 273, 195 N.E.2d 103, 104. Upon the expiration of the State's right of appeal, a judge has no authority to correct the sentence sua sponte — error has been waived and the judgment is final. State ex rel. LTV Steel Co. v. Gwin (1992),64 Ohio St.3d 245, 249-50, 594 N.E.2d 616, 620. If the State wishes to void the sentence, it must employ the established procedures for doing so.
Beasley did not address the import of its anomalous procedural posture, and held only that the constitutional bar against double jeopardy did not bar resentencing a defendant to impose a more severe, statutorily correct sentence, in response to the State's challenge of that sentence. This holding is not at issue, and is reflected in the State's right of appeal in R.C. 2953.08; the State can appeal sentencing decisions, and an appellate court can impose enforceable orders based on those appeals, because such orders do not violate double jeopardy. I do not find, however, that Beasley allows a judge perpetual, discretionary authority to correct sentencing orders whenever he discovers a legal error. Such authority would defeat principles of finality by subjecting defendants to resentencing proceedings throughout the original term of their sentence (and possibly beyond), so long as a judge could point to an uncorrected legal error.
Carried to its logical end, countless civil and criminal judgments would be subject to reopening because a judge committed legal error, regardless of whether the issues had been raised on appeal. Indeed, in this case the judge waived a mandatory fine subject to Jones's submission of an affidavit of indigency, pursuant to R.C. 2929.18(B)(1), and did not impose the fine even though Jones never filed the affidavit. Despite the Ohio Supreme Court's unfortunate and unnecessary pronouncement in State v. Gipson (1998), 80 Ohio St.3d 626, 633, 687 N.E.2d 750, 756, that the filing of an affidavit in order to waive a mandatory fine is a jurisdictional requirement, many judges still waive the fine without requiring the affidavit, and numerous defendants and their lawyers will be surprised to learn that a judge retains perpetual authority[4] to impose the mandatory fine at any time. I do not believe that Gipson, a case upholding the imposition of a mandatory fine when, inter alia, an affidavit of indigency was not timely filed, was intended to allow the sua sponte resentencing of all defendants who avoided the imposition of fines without filing the required affidavit. I submit that Ohio law does not equate legal error with jurisdictional defect, and allows sentence corrections only within the appropriate procedural context.
The Arizona and Louisiana supreme courts, among others, have determined that an appellate court has no jurisdiction or authority to impose a more severe sentence on a defendant when the State has not appealed. Dawson; Fraser. These decisions rely in part on the appearance of impropriety when judges, sua sponte, seek to correct prosecutors' errors. Dawson,164 Ariz. at 285-86, 792 P.2d at 748-49; Fraser, 484 So.2d at 125. The judiciary loses its mantle of impartiality when it takes on the role of prosecutor, and this ill effect applies just as strongly whether the role is assumed by a common pleas judge or an appellate panel.
The State has the right to participate in sentencing hearings, and may appeal any sentencing decision as contrary to law. The State's right of appeal, like all other aspects of prosecution, is vested in a prosecutor, who has both the duty to enforce the laws and the discretion to determine how best to carry out that duty. When the State fails to take an appeal, we cannot immediately assume that it has failed in its duty, because the prosecutor might have made a discretionary choice to allocate resources elsewhere. Even if the prosecutor has breached a duty, a judge is not empowered to correct that breach. A judge is not a prosecutor, and should not perform the functions of a prosecutor.
I recognize that many cases contradict my argument, but submit that prior decisions were incompletely considered, failed to address the question of sua sponte action and, in some cases, allowed trial judges to act on the State's post-judgment motions without explaining the authority permitting those motions. Mistaken decisions are not justified by becoming tradition. The emperor's fashion statement may become the style, but his naked skin will never be clothing.
I would dismiss this case because Jones was not sentenced to post-release control and the State waived any opportunity to correct the error.
[3] I note this even though I do not believe the State would be entitled to a cross-appeal from a defendant's delayed appeal. See App.R. 4(B)(1) (deadline for cross-appeal refers only to timely appeal).
[4] Although not the duty, because mandamus will not lie.