[Cite as *Wells Fargo Bank, N.A. v. Collins*, 2021-Ohio-508.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WELLS FARGO BANK, N.A.,  :

    Plaintiff-Appellee,  :

                 No. 109555

        v.  :

VIRGIL H. COLLINS, ET AL.,  :

    Defendants-Appellants.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 25, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-904354

---

### *Appearances:*

Reimer Law Co. and Michael L. Wiery, *for appellee.*

Virgil H. Collins, *pro se.*

MARY EILEEN KILBANE, J.:

{¶ 1} Pro se defendant-appellant, Virgil Collins ("Collins"), appeals from the trial court's denial of his Civ.R. 60(B) motion for relief from judgment in the foreclosure action instituted by plaintiff-appellee, Wells Fargo Bank, N.A. ("Wells Fargo"). For the reasons that follow, we affirm.

**Procedural History**

{¶ 2} On September 25, 2018, Wells Fargo filed a complaint for foreclosure against Collins, any unknown spouse of Collins, his wife Ruth Collins ("Ruth"), any unknown spouse of Ruth, New Century Mortgage Corporation ("NCMC"), and New Century Liquidating Trust as successor-in-interest to NCMC. Wells Fargo alleged that it was the holder of and entitled to enforce a promissory note because defendants were in default of the note and mortgage. The complaint alleged that $126,719.39 plus interest was due and unpaid.

{¶ 3} This case concerns a residential mortgage and corresponding note for a single-family home located at 4932 Nan Drive, Richmond Heights, Ohio. On June 2, 2006, Collins and Ruth executed an adjustable rate note in the amount of $152,000 and a corresponding mortgage as security for the note.

{¶ 4} On November 7, 2018, Collins filed a motion for leave to file an answer instanter, which the trial court granted.[1]

{¶ 5} On January 15, 2019, Wells Fargo filed a motion for summary judgment against Collins and a motion for default judgment against the other defendants. On March 26, 2019, the trial court granted the motion for default judgment against Ruth, any unknown spouses, NCMC, and New Century Liquidating Trust and held the motion for summary judgment in abeyance.

---

[1] Except where otherwise noted, Collins was represented by counsel during the lower court proceedings.

{¶ 6} On May 24, 2019, the court held a settlement conference, during which Collins made an oral motion to file an amended answer. The court granted this motion over Wells Fargo's objection and instructed Collins to file his amended answer on or before June 21, 2019. On June 21, 2019, Collins filed a motion for an extension of time to file an amended answer and counterclaim, and the trial court granted this motion and imposed a new deadline of September 13, 2019. Despite receiving multiple extensions, at no point in the proceedings did Collins ever file an amended answer or counterclaim.

{¶ 7} On November 25, 2019, the trial court granted Wells Fargo's motion for summary judgment. On December 11, 2019, the court issued a magistrate's decision with findings of fact and conclusions of law. Collins did not file objections to the magistrate's decision, but on December 20, 2019, he filed a "motion for stay to seek resolution with plaintiff." Wells Fargo filed an objection to this motion on December 23, 2019. On December 30, 2019, the trial court denied Collins's motion for a stay.

{¶ 8} On January 7, 2020, the trial court entered an order adopting the magistrate's decision and a decree of foreclosure. Collins did not appeal from this order. On January 14, 2020, Collins filed a motion for a settlement conference. On January 16, 2020, a praecipe for an order of sale was issued, and on January 17, 2020, an order of sale was issued to the sheriff.

{¶ 9} On January 28, 2020, Collins filed a pro se "motion for objection to magistrate's default judgment decision against defendant." On February 20, 2020, the trial court denied this motion.

{¶ 10} On February 2, 2020, Collins filed a "combined motion to vacate judgment, for relief from judgment, leave to amend answer and to submit counterclaim" pursuant to Civ.R. 60(B). In this motion, Collins's counsel submitted that due to complications with her case management software and health problems resulting in a six-week absence from her office, she had failed to request an additional extension to file an amended answer and counterclaim. Further, the motion asserted that the underlying mortgage in this case was induced by fraud. On February 17, 2020, Wells Fargo filed a brief in opposition to Collins's Civ.R. 60(B) motion. On February 23, 2020, Collins filed a reply brief in support of his Civ.R. 60(B) motion.

{¶ 11} On February 20, 2020, the trial court granted Collins's motion for a settlement conference and scheduled a telephone settlement conference for February 27, 2020.

{¶ 12} On February 24, 2020, Collins filed an expedited motion to stay the foreclosure sale in the trial court. On February 25, 2020, the trial court denied Collins's Civ.R. 60(B) motion. It is from this journal entry that Collins filed a notice of appeal on February 28, 2020.

{¶ 13} On March 2, 2020, Wells Fargo filed a brief in opposition to Collins's expedited motion to stay. The same day, the order of sale was returned and the

property was sold. On March 3, 2020, Collins filed a pro se motion to this court to stay the confirmation and execution of the sale. On March 4, 2020, this court denied this motion, citing the pending motion to stay in the trial court filed on February 24, 2020. On March 5, 2020, Collins filed yet another pro se motion to stay confirmation of the sale in the trial court. On March 6, 2020, the trial court denied Collins's February 24, 2020 expedited motion to stay, and his pro se motion to stay was likewise denied on March 10, 2020.

{¶ 14} On March 11, 2020, Collins filed a second pro se motion to stay with this court. On March 12, 2020, this court granted the motion upon the condition that Collins post a supersedeas bond in the amount of $23,984, representing "the amount of the judgment, plus interest, minus the amount of the appraised value of the property ($150,000) as set forth by the appellee in its motion opposing the confirmation of sale filed in the trial court."

{¶ 15} On May 26, 2020, Collins filed a motion for a 60-day extension to post the supersedeas bond. On June 8, 2020, this court denied the motion as moot because the Cuyahoga County Court of Common Pleas issued an administrate order staying sheriff sales and confirmations of sale until July 31, 2020, in response to COVID-19. On July 28, 2020, Collins filed a second motion for a 60-day extension. This court granted the motion and imposed a new deadline of October 1, 2020.

{¶ 16} On September 28, 2020, Collins filed a "motion for an emergency injunction to prevent confirmation of sale and request for supersedeas bond." In this motion, Collins argued that the federal moratorium on foreclosures and

evictions in response to COVID-19 applied to his mortgage and should operate as a stay on the foreclosure in this case. On September 29, 2020, this court issued a sua sponte order instructing Wells Fargo to respond to Collins's motion. On September 30, 2020, Wells Fargo filed a brief in opposition, arguing that Collins had not met the standard for an injunction. On October 2, 2020, Collins filed a reply brief and a request to withdraw his emergency injunction motion and amend his request to an extension pursuant to the national foreclosure moratorium. On October 5, 2020, this court entered a second sua sponte order instructing Wells Fargo to respond and specifically address whether the federal moratorium applied to Collins's mortgage. On October 6, 2020, Wells Fargo filed a brief in opposition to Collins's October 2 filing.

{¶ 17} On October 9, 2020, this court issued the following journal entry:

> Motion by appellant, pro se, to withdraw emergency injunction motion, leave to amend request to an extension per the national foreclosure moratorium is granted in part. The motion to withdraw the injunction that was filed on September 28, 2020 is granted. The federal moratorium does not apply to the appellant's mortgage. However, due to the financial difficulties caused by COVID-19, the time to file the supersedeas bond is extended to December 31, 2020. The appeal has been fully briefed and is to be set at the earliest feasible date. Notice issued.

On December 21, 2020, Collins filed an emergency motion for an extension or suspension of the supersedeas bond requirement. On December 29, 2020, Wells Fargo filed a brief in opposition. On December 30, 2020, this court granted Collins an extension until February 15, 2021, or the date upon which this opinion is released. On February 11, 2021, Collins filed another emergency motion for an extension of

the supersedeas bond requirement.  On February 12, 2021, this court granted the emergency motion in part, stating that Collins has until this decision is released to post the required bond.

{¶ 18}  This appeal follows.  Collins presents five assignments of error.

## Assignments of Error

I. The magistrate erred by naming all four of the defendants in the default judgment.

II. The magistrate erred by ignoring Collins's claims of mortgage fraud, high interest rates, multiple loan attachments, and that the original loan mortgagor was named as a co-defendant.

III. The magistrate abused its discretion by failing to consider Civ.R. 62(h) and Civ.R. 54(b).

IV. The magistrate erred and abused its discretion by not staying the foreclosure pursuant to Civ.R. 60(B).

V. The magistrate erred by failing to include Collins's name in the default judgment.

## Legal Analysis

{¶ 19}  We reiterate that Collins appealed only from the trial court's denial of his Civ.R. 60(B) motion.  To the extent that the above assignments of error attempt to challenge either the magistrate's default judgment or the foreclosure judgment, these arguments are not properly before us.  Further, to the extent that Collins refers to claims he may have had against any party in this case, we again note that Collins never filed an amended answer or counterclaim raising any such claims before the trial court.  For ease of discussion, we will address Collins's assignments of error out of order.

**Civ.R. 60(B) Motion for Relief**

{¶ 20} Collins's fourth assignment of error is the only one in which he directly challenges the trial court's denial of his Civ.R. 60(B) motion. Collins's fourth assignment of error states, verbatim:

> Magistrate [erred] and abused her discretion in her decision not to stay judgment per 60(B) due to the following complications suffered by Appellant's counsel: Appellant's counsel missed a deadline for submitting his complaints, and counterclaims due to a sudden illness, and complications in the office. Had the Magistrate properly [reviewed] the case, based on the multiple parties [involved], she would have detected some potential complexities in the case that might need further review to determine the equity and liabilities in the case before the court. It would have clearly [revealed] the issues concerning subject matter jurisdiction.

{¶ 21} A reviewing court will not disturb a trial court's decision regarding a Civ.R. 60(B) motion absent an abuse of discretion. *S. Park Manor Condominiums Unit Owners' Assn. v. Clarendon Group, Inc.*, 8th Dist. Cuyahoga No. 105672, 2017-Ohio-8491, ¶ 7. To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (B)(5); and (3) the motion is made within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment was entered. *Id.*, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If the moving party fails to establish any one of these requirements, the

motion is properly overruled.  *Id.*, citing *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983).

{¶ 22} In support of this assignment of error, Collins argues that he was fraudulently induced to enter into the mortgage.  Specifically, Collins asserts that NCMC, who originated the mortgage loan, falsely led him to believe that he was receiving a VA loan.  Collins appears to be using this argument to satisfy the first element of his Civ.R. 60(B) claim, arguing that the fraud constitutes a meritorious defense to the foreclosure action.  We disagree.  Even if the record contained something to substantiate Collins's allegations of fraud, it is unclear how such allegations would operate as a meritorious defense to Wells Fargo's foreclosure action to satisfy the first requirement of a Civ.R. 60(B) claim.

{¶ 23} Further, Collins was required to demonstrate that he was entitled to one of the following grounds for relief under Civ.R. 60(B):

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment.

Because the Civ.R. 60(B) motion cites Collins's counsel's health problems and difficulties with her case management software as the reason she failed to timely request an additional extension to file an amended answer and counterclaim, it

appears the claimed ground for relief is mistake or excusable neglect pursuant to Civ.R. 60(B)(1). We disagree that there was a mistake or excusable neglect.

{¶ 24} Collins had asked for and received multiple extensions to file an amended answer and counterclaim. In its August 15, 2019 journal entry granting Collins's most recent request for an extension until September 13, 2019, the trial court noted that no further extensions would be granted. While Collins's Civ.R. 60(B) motion describes a "comedy of errors" leading to the failure to request yet another extension, it neither describes the timing of the events in question nor attempts to explain why an additional extension would have been granted after the trial court's declaration that it would not grant any further extensions. It is worth noting that the presumed basis of an amended answer and counterclaim related to Collins's unsupported assertions of fraud that was alleged to have occurred in 2006, when Collins executed the note and mortgage. At no point does Collins explain why he required such a significant period of time — more than a year from the date Wells Fargo filed the foreclosure complaint — to file an amended answer. Therefore, Collins's motion did not adequately establish that he was entitled to relief under Civ.R. 60(B)(1).

{¶ 25} Moreover, it is well established that Civ.R. 60(B) cannot be used as a substitute for an appeal. *Fannie Mae v. Nedbalski*, 8th Dist. Cuyahoga No. 102247, 2015-Ohio-2159, ¶ 14, citing *Doe v. Trumbull Cty. Children Serv. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. Because public policy favors the finality of judgments, a Civ.R. 60(B) motion may not be used as a

substitute for appeal to collaterally attack a final judgment. *Id.*, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8-9. Therefore, Collins's fourth assignment of error is overruled.

**Collins's Remaining Assignments of Error**

{¶ 26} In Collins's first assignment of error, he attempts to challenge the March 26, 2019 default judgment entered against Ruth, NCMC, and New Century Liquidating Trust. Specifically, Collins argues that this constituted error because it somehow precluded him from bringing counterclaims against NCMC. We reiterate that Collins did not appeal from the default judgment, and therefore arguments relating to that judgment are not properly before us. Even if this argument were properly before us, however, it has no merit.

{¶ 27} None of the defendants against whom the court granted Wells Fargo's motion for default judgment filed an answer in the underlying case. Therefore, default judgment was appropriate pursuant to Civ.R. 55. Further, Collins's argument that the trial court somehow precluded him from bringing counterclaims against NCMC is not grounded in law. Although Collins cites to Fed.R.Civ.P. 62(h), which provides:

> A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

Collins also cites to Fed.R.Civ.P. 62.1(a), which deals with a motion for relief made while an appeal is pending.

{¶ 28} Fed.R.Civ.P. 1 provides that the federal rules of civil procedure govern the procedure in all civil actions and proceedings in the United States district courts. While they may provide guidance to state courts, they do not govern civil procedure in Ohio state courts and are not binding. *Cach v. Alderman*, 10th Dist. Franklin No. 15AP-980, 2017-Ohio-5597, ¶ 14, citing *Cooke v. Bowen*, 4th Dist. Scioto No. 12CA3497, 2013-Ohio-4771, ¶ 16; *In re Anisha N.*, 6th Dist. Lucas No. L-02-1370, 2003-Ohio-2356. Even if the rules cited by Collins did govern this case, they do not apply in the way he seems to believe they do. Collins argument appears to be grounded in a misunderstanding of the impact of both the default judgment and the denial of his Civ.R. 60(B) motion. Collins's assertion, both in his Civ.R. 60(B) motion and in his brief to this court, that he had counterclaims to raise against NCMC has no bearing on the default judgment. When the trial court granted default judgment against NCMC, there was no pending counterclaim against them. In fact, because of Collins's failure to file an amended answer and counterclaim, there was never a pending counterclaim against NCMC. Further, despite Collins's argument, the default judgment had no bearing on the court's denial of his Civ.R. 60(B) motion. Therefore, Collins's first assignment of error is overruled.

{¶ 29} Collins's second assignment of error argues that the magistrate erred by failing to address Collins's claims of mortgage fraud and failing to address the federal question of truth in lending practices. An appellant's brief must cite to the

"parts of the record on which appellant relies." Ohio App.R. 16(A)(7). Further, an appellate court "may disregard an assignment of error raised for review if the party raising it fails to identify in the record the error on which the assignment of error is based." App.R. 12(A)(2). Collins has failed to comply with these rules, and a review of the record shows that the issue of truth in lending practices was not raised before the trial court. Therefore, we decline to review Collins's second assignment of error.

{¶ 30} In Collins's third assignment of error, he argues that the trial court abused its discretion by failing to "consider the precautions suggested in Civil R. 62(h) and Civil R. 54(b)" concerning multiple parties when considering a stay request. Not only does Collins make misguided citations similar to those in his first assignment of error, he also fails to articulate exactly which decision of the trial court was an abuse of discretion. Collins filed numerous motions to stay in the trial court. We can only infer that he is attempting to challenge the trial court's denial of one of these. These denials are not the subject of this appeal, however, and therefore these arguments are not properly before us. We decline to address Collins's third assignment of error.

{¶ 31} Finally, Collins's fifth assignment of error states, verbatim:

The magistrate [erred] when she failed to include the Appellant's name in her Default Judgment. The magistrate issued her default judgment decision on December 11, 2019. On January 7, 2020, the Judgment Entry adopting the Magistrate's Decision was filed. On January 28, 2020, the Appellant, pro se, filed a Motion for Objection to Magistrate's Default Judgment Decision against Defendant. The Magistrate failed to include the Appellant's name in her default judgment which [led] the Appellant to assume that the trial court was not including him in the default judgment because of his efforts to present his claims and

counterclaims to the court.  By the time he realized that he also was included in the default judgment, and filed his objection to the decision, it was too late and his request was denied.

The statements in this assignment of error demonstrate a misunderstanding of the events that occurred in the trial court.  As we stated above, the court appropriately entered default judgment against all defendants except Collins because no other defendant filed an answer in this case.

{¶ 32} The December 11, 2019 decision Collins refers to was the magistrate's foreclosure decision.  Collins did not object to this decision.  Collins filed a motion for stay on December 30, 2019, which was denied.  The trial court entered an order adopting the magistrate's decision and decree of foreclosure on January 7, 2020. Collins did not appeal this decision.  Instead, he filed an untimely pro se motion to object to the magistrate's decision.  His counsel filed a Civ.R. 60(B) motion.  As we have explained above, neither motion can serve as a substitute for an appeal of the January 7, 2020 decree of foreclosure.  Therefore, Collins's fifth assignment of error is overruled.

{¶ 33} To the extent that Collins has attempted to use this appeal to collaterally attack the decree of foreclosure, the attempt was misguided.  For the sake of clarity, however, we note that even if Collins had properly appealed the decree of foreclosure, we have found nothing in the record that would have supported such an appeal.

{¶ 34} Finally, we note that although Collins has failed to appeal from the foreclosure judgment in this case, this does not necessarily preclude him from appealing the subsequent confirmation of sale.

{¶ 35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
LISA B. FORBES, J., CONCUR