[Cite as *State ex rel. Collins v. Kilbane*, 2023-Ohio-1577.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL., VIRGIL H. :
COLLINS,

                        :

        Relator,

                        :          No. 112667

        v.

                        :

THE HONORABLE JUDGE ASHLEY
KILBANE,                    :

        Respondent.       :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**DATED:** May 5, 2023

Writ of Mandamus
Order No. 564149

***Appearances:***

Virgil H. Collins, *pro se.*

LISA B. FORBES, J.:

{¶ 1} Relator, Virgil H. Collins, seeks a writ of mandamus, a writ of error coram nobis, and a writ of error against respondent, Judge Ashley Kilbane, related to a foreclosure action instituted against relator in *Wells Fargo Bank, N.A. v. Collins*, Cuyahoga C.P. No. CV-18-904354. Relator is not entitled to the relief he seeks in this action. Therefore, his complaint is sua sponte dismissed.

## I. Background

{¶ 2} A foreclosure case was filed in 2018 where relator was named as a defendant. The complaint sought to foreclose on property relator owned. Relator alleges in the instant complaint that the attorney he retained to represent him in this foreclosure action committed legal malpractice that resulted in a foreclosure judgment against him. Much of the history of the related foreclosure case has previously been recited by this court in *Wells Fargo Bank, N.A. v. Collins*, 8th Dist. Cuyahoga No. 109555, 2021-Ohio-508. There, a panel of this court affirmed respondent's denial of relator's motion for relief from judgment. *Id.* at ¶ 35. Relator appealed this court's decision to the Supreme Court of Ohio. *Wells Fargo Bank, N.A. v. Collins*, 165 Ohio St.3d 1495, 2021-Ohio-4515, 178 N.E.3d 531, which declined to exercise jurisdiction. In addition, relator sought reconsideration and en banc consideration of the this court's decision, which were denied. *Collins*, 8th Dist. Cuyahoga No. 109555, 2021-Ohio-508, motion Nos. 544618 and 544619.

{¶ 3} On May 1, 2023, relator filed the instant complaint.[1] There, he claims that he was left with no other option but to file the instant complaint because he was deprived of his due process rights in the absence of certain rules in Ohio law analogous to certain federal rules of procedure that allow for rehearing of a case and hearing en banc. Relator seeks a writ of error. Relator also seeks to correct errors

---

[1] Relator has also filed a previous original action in this court seeking a writ of prohibition against respondent. *State ex rel. Collins v. Kilbane*, 8th Dist. Cuyahoga No. 110552, 2021-Ohio-2449. This request for relief in prohibition was sua sponte denied. *Id.* at ¶ 1.

of fact he claims existed through a writ of error corum nobis.[2] Relator also requests a writ of mandamus because respondent has denied several motions he has filed. He now claims that respondent has "failed to exercise her judicial authority to an inquiry into those motions, to determine their merits before her denial of each motion." Complaint at ¶ 26.

## II. Law and Analysis

{¶ 4} "Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14, citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7. Therefore, a complaint is subject to dismissal, sua sponte, when "'it appears beyond doubt, after presuming the truth of all material factual allegations of [relator's] complaint and making all reasonable inferences in its favor,'" that the relator is not entitled to the requested extraordinary relief. *Wesley v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. Cuyahoga No. 109930, 2020-Ohio-4921, ¶ 15, quoting *State ex rel. JobsOhio v. Goodman*, 133 Ohio St.3d 297, 2012-Ohio-4425, 978 N.E.2d 153, ¶ 12, citing *State ex rel. Johnson v. Richardson*, 131 Ohio St.3d 120, 2012-Ohio-57, 961 N.E.2d 187, ¶ 12 (mandamus). *See also State ex rel. Scott* at ¶ 14 (prohibition).

---

[2] This is sometimes referred to as a writ of corum *vobis* in relator's complaint.

## A. Writ of Mandamus

{¶ 5} To be entitled to relief in mandamus, relator must show that he has a clear legal right to the requested relief, that respondent has a clear legal duty to grant such relief, and that relator lacks an adequate remedy in the ordinary course of the law. *State ex rel. Kuczak v. Saffold*, 67 Ohio St.3d 123, 125, 616 N.E.2d 230 (1993), citing *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978). Mandamus may not be used to control judicial discretion. *Id.*, citing *State ex rel. Tillimon v. Weiher*, 65 Ohio St.3d 468, 605 N.E.2d 35 (1992). *See also State ex rel. Morganthaler v. Crites*, 48 Ohio St. 460, 465, 28 N.E. 178 (1891). "Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case." *State ex rel. Scott v. Gall*, 8th Dist. Cuyahoga No. 109325, 2020-Ohio-929, ¶ 7, citing *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). It has also been widely held that mandamus cannot be used as a substitute for an appeal. *See, e.g., State ex rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 6; *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57, 295 N.E.2d 659 (1973).

{¶ 6} Relator's request for a writ of mandamus is grounded in his disagreement with the trial court's denial of five motions. The complaint lists these motions as (1) a "motion for a quiet title per Ohio Revised Code 5303.01," (2) a "motion to vacate sale, & confirmation of sale due to fraud upon the court, which was a [Fed.R.Civ.P.] 60(B) request," (3) a "motion regarding the falsification of the real property value being foreclosed on," (4) a "motion for a new trial per

[Fed.R.Civ.P.] 59(B)," and (5) a "motion for deficiency judgment."[3] Relator requests a writ of mandamus because he claims that respondent "failed to exercise her judicial authority to an inquiry into those motions, to determine their merits before her denial of each motion." Complaint at ¶ 26. However, mandamus may not be used to control judicial discretion. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 12. A writ of mandamus may be used to compel a court to act, but it cannot be used to dictate the action the court takes even where a court grossly abuses its discretion. *Id.*, citing *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3; R.C. 2731.03.

{¶ 7} According to relator's complaint, respondent has ruled on each of the listed motions. Each was denied. Therefore, he is not entitled to relief in mandamus on this claim.

{¶ 8} Relator also alleges that respondent "never gave him the opportunity to respond to the plaintiff's motion for summary judgment [in the underlying action] because she never rescinded her order to hold the motion in abeyance, and did not give notice to respond, before she granted the motion for summary judgment." Complaint at ¶ 28. This is, in essence, a claim that an error in procedure occurred. However, "'[e]xtraordinary remedies * * * [such as] mandamus * * * are available only when usual forms of procedure are incapable of affording relief. They may not be employed * * * as a substitute for an appeal for the purpose of reviewing mere

---

[3] As this court noted when deciding relator's appeal, "While [the Federal Rules of Civil Procedure] may provide guidance to state courts, they do not govern civil procedure in Ohio state courts and are not binding." *Collins* at ¶ 28.

errors, or irregularities in the proceedings of a court * * *.'" *State ex rel. Riverside Methodist Hosp. v. Gillie*, 58 Ohio St.2d 49, 51, 387 N.E.2d 1378 (1979), quoting *State, ex rel. Woodbury, v. Spitler*, 34 Ohio St.2d 134, 137, 296 N.E.2d 526 (1973).

{¶ 9} Here, relator had an adequate remedy at law to address the claimed error in procedure by means of an appeal from the decision granting summary judgment. Whether or not used, an adequate remedy at law precludes relief in mandamus. *State ex rel. Nash v. Fuerst*, 8th Dist. Cuyahoga No. 99027, 2013-Ohio-592, ¶ 6, citing *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997).

{¶ 10} Accordingly, request for writ of mandamus is sua sponte dismissed.

## B. Writs of Error and Error Corum Nobis

{¶ 11} Relator's first and second claims for relief present matters that are not recognized in Ohio. Relator's first claim for relief in his complaint is labeled as a "writ of error." Relator's complaint asserts that a writ of error is

> a writ issued from [a] court of appellate jurisdiction, directing the judge or judges of a court of record, requiring them to remit to the appellate court the action before them. It is [the] commencement of a new suit to set aside judgment, and is not [a] continuation of suit [to] which it relates.

Complaint at ¶ 18, citing *Winchester v. Winn*, 225 Mo.App. 288, 29 S.W.2d 188 (1930).

{¶ 12} In his second request for relief, he seeks a writ of error corum nobis. He asserts this as a "procedural tool whose purpose is to correct errors of fact only, and its function is to bring before the court rendering the judgment matters of fact

which, if known at the time of judgment was rendered, would have prevented its rendition." Complaint at ¶ 19, citing *Commonwealth v. Mangini*, 478 Pa. 147, 163, 386 A.2d 482 (1978).

{¶ 13} This court is a court of limited jurisdiction. *State v. Payne*, 8th Dist. Cuyahoga No. 107825, 2020-Ohio-1599, ¶ 6. We have original jurisdiction for only those writs listed in the Ohio Constitution Article IV, Section 3(B). These are limited to quo warranto, mandamus, habeas corpus, procedendo, and in any cause on review as may be necessary to its complete determination. *Id.*

{¶ 14} These two writs relator seeks are not a type of writ over which an appellate court has original jurisdiction under the Ohio Constitution. In fact, "[b]oth the ancient Writ of Error and Writ of Coram Nobis (limited to civil cases) have been abolished in Ohio by the adoption of the Rules of Civil Procedure, July 1, 1970." *Bocock v. Court of Common Pleas*, 5th Dist. Coshocton No. CA 85-6, 1985 Ohio App. LEXIS 9198, 2 (Oct. 30, 1985). *See also Levering v. Natl. Bank of Morrow Cty.*, 87 Ohio St. 117, 124, 100 N.E. 322 (1912) (noting the abolishment of writs of error based on earlier statutory enactments); *In re Collier*, 6 Ohio St. 55, 60 (1856); *State v. Lee*, 7th Dist. Belmont No. 95-B.A.-58, 1997 Ohio App. LEXIS 2637, 8-13 (June 19, 1997); and *Perotti v. Stine*, 113 Ohio St.3d 312, 2007-Ohio-1957, 865 N.E.2d 50, ¶ 7 ("[T]he common-law writs of coram nobis and audita querela are not part of the law of Ohio.").

{¶ 15} Even if we were to review relator's claims, they fail. Relator claims that he was required to file these requests for writs of error because rules that exist

under the Federal Rules of Civil Procedure do not exist in Ohio law, which violates his due process rights. Relator argues that a decision of the Supreme Court of Ohio means that there is no meaningful review of a decision reached on summary judgment. For this proposition, relator cites to *L.A. & D., Inc. v. Bd. of Lake Cty. Commrs.*, 67 Ohio St.2d 384, 423 N.E.2d 1109 (1981). In *L.A. & D.*, the court held that a motion for new trial was not available following a final determination reached on summary judgment because summary judgment proceedings are not a trial. *Id.* at 387. The court noted that the trial court's summary judgment decision constituted a final order capable of review on appeal. *Id.* Further, a motion for new trial is not the only means to bring issues to the trial court's attention. A motion for relief from judgment pursuant to Civ.R. 60(B) is available even if a motion for new trial is not. Relator claims he was precluded from appropriate review and his due process rights were violated because he was foreclosed the possibility of filing a motion for new trial. We disagree. Relator did seek relief under Civ.R. 60(B) and also filed an appeal to this court. He was not precluded from review simply because a motion for a new trial was not available to him.

{¶ 16} For these reasons, relator's requests for writ of error and writ of error corum nobis are sua sponte dismissed.

{¶ 17} Relator's complaint for writs of error, error corum nobis, and mandamus are sua sponte dismissed. Relator to bear the costs of this action. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 18} Complaint dismissed.

_____

LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
MICHAEL JOHN RYAN, J., CONCUR